**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| PASCHAL ODEMOKPA, | DOCKET NUMBER |
| Appellant, | DA-0432-14-0005-I-2 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: February 5, 2016 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Stephen E. Jones, Esquire, Dallas, Texas, for the appellant.

Michael King, Houston, Texas, for the appellant.

Sandra A. Cawley, Esquire, Houston, Texas, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which sustained his removal for failure to maintain a condition of his employment. Generally, we grant petitions such as this one only when: the initial decision

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to clarify that a settlement offer that the agency made to the appellant is inadmissible on the merits of his case, we AFFIRM the initial decision.

## BACKGROUND

¶2 The appellant is a Roman Catholic priest, and was formerly employed as a Chaplain, GS-0060-12, at the agency's Michael E. DeBakey Veterans Affairs (VA) Medical Center in Houston, Texas. *Odemokpa v. Department of Veterans Affairs*, MSPB Docket No. DA-0432-14-0005-I-1, Initial Appeal File (I-1 IAF), Tab 7, Exhibit 2 at 1, Exhibit 7 at 1; *Odemokpa v. Department of Veterans Affairs*, MSPB Docket No. DA-0432-14-0005-I-2, Initial Appeal File (I-2 IAF), Tab 15, Hearing Compact Disc (HCD) (testimony of the appellant). The agency has a qualification standard requiring all Chaplains to have an "ecclesiastical endorsement, dated within the past 12 months, from the official national endorsing authority of their faith group or denomination." I-1 IAF, Tab 7, Exhibit 8 at 1. The agency's Veterans Health Administration (VHA) Handbook defines an ecclesiastical endorsement as:

> [A] signed statement, by the official national endorsing agency of an ecclesiastical endorsing organization, certifying that an individual is

in good standing with that religious faith group, and stating that the individual is, in the opinion of the endorsing agent, qualified to conduct all functions, sacraments, ordinances, ceremonies, rites, and/or observances required to meet the needs of patients.

*Id.*, Exhibit 9 at 2. Thus, an ecclesiastical endorsement is provided by a Chaplain's religious faith group, and not by the agency or the Government. *Id.*, Exhibit 8 at 1, Exhibit 9 at 2. The Archdiocese for the Military Services (AMS), a division of the Roman Catholic Church, provides ecclesiastical endorsement for Roman Catholic Chaplains with the agency, such as the appellant. HCD (testimony of the appellant); *see also Who We Are*, Archdiocese for the Military Services, http://www.milarch.org (last visited Nov. 30, 2015).

¶3    By letter dated December 27, 2011, the AMS, through its Vicar for Veterans Affairs,[2] removed the appellant's ecclesiastical endorsement. I-1 IAF, Tab 8 at 22-23; HCD (testimony of the appellant). Thereafter, by letter dated January 12, 2012, the Vicar for Veterans Affairs notified the agency that the AMS had removed the appellant's ecclesiastical endorsement and that, as a result, the appellant could no longer "exercise priestly ministry" with the agency. I-1 IAF, Tab 7, Exhibit 6 at 1. After receiving this letter, the agency notified the appellant that he could no longer perform Chaplain duties. I-1 IAF, Tab 8 at 20.

¶4    On March 6, 2012, the agency proposed to remove the appellant based on the withdrawal of his ecclesiastical endorsement. I-1 IAF, Tab 7, Exhibit 4 at 1-2. Specifically, the agency alleged that having an ecclesiastical endorsement was a requirement of the appellant's position and that he no longer met this requirement. *Id.* at 1. After the appellant responded, on May 31, 2012, the deciding official issued a decision letter removing the appellant effective June 5, 2012. *Id.*, Exhibit 3 at 1-2.

¶5    The appellant filed a Board appeal challenging his removal, which was dismissed without prejudice to afford him an opportunity to further pursue an

---

[2] The Vicar for Veterans Affairs is an auxiliary bishop with the AMS and is not an agency employee. HCD (testimony of the appellant).

equal employment opportunity (EEO) complaint concerning his removal.[3] I-1 IAF, Tab 1, Tab 16, Initial Decision (I-1 ID). Subsequently, the appellant timely refiled his Board appeal, raising affirmative defenses of discrimination based on race and national origin. I-2 IAF, Tab 1 at 48. He later added an affirmative defense of harmful procedural error. I-2 IAF, Tab 7 at 6.

¶6 After holding a hearing, the administrative judge sustained the charge, finding that the agency required the appellant to maintain an ecclesiastical endorsement as a condition of his employment as a Chaplain and that it was undisputed that the appellant no longer had an ecclesiastical endorsement. I-2 IAF, Tab 16, Initial Decision (I-2 ID) at 7. The administrative judge further found that the appellant failed to prove his affirmative defenses of harmful procedural error and discrimination based on race and national origin. *Id*. at 7-12. Finally, the administrative judge found that a nexus existed between the sustained charge and the efficiency of the service and that removal was a reasonable penalty. *Id*. at 12-14.

¶7 The appellant has filed a petition for review of the initial decision, in which he argues that the administrative judge erred in failing to mitigate the penalty because the deciding official failed to properly consider the adequacy of alternative sanctions; namely, his reassignment to another position. Petition for Review (PFR) File, Tab 1 at 7-8. The appellant alternatively argues that the penalty of removal exceeded the bounds of reasonableness. *Id*. at 8-11. The agency has not responded to the petition for review.

---

[3] Prior to filing his Board appeal, the appellant received a final agency decision (FAD) on an EEO complaint concerning his removal. I-1 IAF, Tab 7, Exhibit 1. However, after the agency issued the FAD, an Equal Employment Opportunity Commission administrative judge ordered the agency to conduct a new investigation regarding the appellant's EEO claims. I-1 IAF, Tab 15 at 9.

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶8         On review, the appellant does not challenge the administrative judge's finding that the agency proved the charge and that the appellant failed to prove his affirmative defense of harmful procedural error. PFR File, Tab 1. We discern no basis to disturb these well-reasoned findings on review. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings where she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions). The appellant also does not challenge the administrative judge's findings that he failed to prove his affirmative defenses of discrimination based on race and national origin. PFR File, Tab 1. After the initial decision was issued, the Board issued a decision that clarified the evidentiary standards and burdens of proof under which the Board analyzes these claims. *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶¶ 42-43, 51 (2015). We find that applying the analytical framework in *Savage* would not change the result in this case. Thus, based on the existing record, and for the reasons contained in the initial decision, we affirm the administrative judge's findings that the appellant did not meet his burden of proving his affirmative defenses of discrimination based on race and national origin. Accordingly, the sole issue on review is whether the administrative judge erred in failing to mitigate the penalty.

¶9         Where, as here, all of the agency's charges are sustained, the Board will review the agency-imposed penalty only to determine if the agency considered all the relevant factors and exercised management discretion within the tolerable limits of reasonableness. *Penland v. Department of the Interior*, 115 M.S.P.R. 474, ¶ 7 (2010); *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981). In making this determination, the Board must give due weight to the agency's primary discretion in maintaining employee discipline and efficiency, recognizing that the Board's function is not to displace management's responsibility, but to ensure that managerial judgment has been properly

exercised. *Penland*, 115 M.S.P.R. 474, ¶ 7; *Ellis v. Department of Defense*, 114 M.S.P.R. 407, ¶ 11 (2010). The Board will modify or mitigate an agency-imposed penalty only where it finds the agency failed to weigh the relevant factors or the penalty clearly exceeds the bounds of reasonableness. *Penland*, 115 M.S.P.R. 474, ¶ 7; *Singletary v. Department of the Air Force*, 94 M.S.P.R. 553, ¶ 9 (2003), *aff'd*, 104 F. App'x 155 (Fed. Cir. 2004).

¶10    The Board has held that in an adverse action resulting from an employee's failure to maintain a condition of employment, the most relevant *Douglas* factors are: (1) the nature of the offense; (2) its effect on an appellant's performance of the job; and (3) the availability and effect of alternative sanctions. *Penland*, 115 M.S.P.R. 474, ¶ 8; *see also Shoffner v. Department of the Interior*, 9 M.S.P.R. 265, 267 (1981). Regarding the nature of the offense and its effect on the appellant's performance of his job, it is undisputed that an ecclesiastical endorsement is a requirement of the appellant's position, that the appellant lost his ecclesiastical endorsement, and that without it, he was unable to perform his duties as a Chaplain. I-1 IAF, Tab 7, Exhibit 6 at 1, Exhibit 8 at 1, Tab 8 at 22-23; HCD (testimony of the deciding official).

¶11    Concerning the availability and effect of alternative sanctions, the appellant argues on review that the agency failed to appropriately consider the alternative sanction of reassigning him to another position. PFR File, Tab 1 at 7-8. Specifically, he claims that the agency only offered to reassign him to a lower-graded position in settlement negotiations. *Id.* at 8-10. He further contends that the deciding official inaccurately testified that he did not make the decision to remove the appellant until after the appellant rejected the agency's settlement offer. *Id.* at 8.

¶12    As the administrative judge recognized, the deciding official testified that the agency considered whether it could find the appellant a suitable alternative position, but was unable to identify any positions at the GS-12 pay grade for

which the appellant was qualified. I-2 ID at 13; HCD (testimony of the deciding official). The administrative judge further noted that the deciding official testified that the agency offered the appellant a lower-graded counselor position, but the appellant did not accept the offer. I-2 ID at 13; HCD (testimony of the deciding official). However, the administrative judge did not address the fact that the agency offered to reassign the appellant to this lower-graded position as part of a settlement. I-2 ID at 13; I-2 IAF, Tab 7 at 15-18; HCD (testimony of the deciding official). Specifically, the reassignment would have been in exchange for "full settlement of pending/future litigation or EEO cases." I-2 IAF, Tab 7 at 18.

¶13     Contrary to the appellant's assertions on review, the record reflects that the agency made the settlement offer multiple times, both before and after the decision to remove him was issued. *Id*. at 15-18. For this reason, and because the deciding official testified that he also unsuccessfully searched for GS-12 positions for the appellant, the appellant's assertion that the deciding official did not consider reassigning him prior to the decision to remove him is incorrect. However, it is well established that settlement offers are inadmissible on the merits of a case and that the use of compromise offers and negotiations as evidence is barred. *See Cheng v. Department of Agriculture*, 84 M.S.P.R. 144, ¶ 5 (1999); *Cocchiara v. Department of Transportation*, 18 M.S.P.R. 281, 283 (1983); *Hayden v. U.S. Postal Service*, 15 M.S.P.R. 296, 302 (1983), *aff'd*, 758 F.2d 668 (Fed. Cir. 1984) (Table). Therefore, to the extent that the administrative judge relied on the agency's offer to reassign the appellant to a lower-graded position, or the appellant's failure to accept that settlement offer,[4] in considering whether the penalty of removal was reasonable, such reliance was

---

[4] On review, the appellant also argues that he did not reject the settlement offer. PFR File, Tab 1 at 8 & n.1. We perceive no pertinent distinction between rejecting a settlement offer and allowing the offer to expire, as occurred here. I-2 IAF, Tab 7 at 15-18.

in error.[5] *See Montalvo v. U.S. Postal Service*, 55 M.S.P.R. 128, 132 n.4 (1992) (finding that it was inappropriate for an administrative judge to rely in any way on the appellant's rejection of a settlement offer in ruling on the merits of the case).

¶14    Nevertheless, we find that this error did not prejudice the appellant's substantive rights, and does not provide a basis for reversing the initial decision. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (determining that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision). Regardless of the agency's settlement offer, or the appellant's failure to accept that offer, the penalty of removal was reasonable. On review, the appellant contends that the penalty of removal was unreasonable because the agency should have offered him the lower-graded position without conditions, as opposed to offering him the position in settlement.[6] PFR File, Tab 1 at 8-10. We disagree. The agency's settlement offer is entitled to no weight in determining whether the penalty of removal was reasonable. *See Hayden*, 15 M.S.P.R. at 302 (finding that an agency's offer to reinstate an appellant in settlement was "entitled to no weight" in determining whether his

---

[5] It is unclear from the initial decision whether the administrative judge relied on the appellant's rejection of the offer of a lower-graded position in finding that the penalty of removal was reasonable, or whether she was simply setting forth the deciding official's testimony regarding the offer as background information. I-2 ID at 13.

[6] On review, the appellant argues that during the agency's EEO investigation, the Director of the Medical Center, A.W., testified that it was not his intention for the agency's offer of a lower-graded position to be a substitute for litigation, or to dissuade the appellant from pursuing his complaints. PFR File, Tab 1 at 8-10; *see also* I-2 IAF, Tab 9 at 4, 8. However, A.W. was not the deciding official, nor was he the individual who ultimately authorized or extended the settlement offer to the appellant. HCD (testimony of the deciding official). In fact, A.W. was on detail and was not present at the Medical Center when the decision to remove the appellant was made. HCD (testimony of the deciding official); I-2 IAF, Tab 9 at 4. The appellant has failed to establish that A.W.'s intentions or views regarding whether to offer the appellant a lower-graded position are relevant.

removal was appropriate). The fact that the agency offered the appellant a lower-graded position in settlement does not create an obligation to reassign him, as opposed to removing him. *See id.* The appellant has not identified any agency policy, rule, or regulation that required the agency to reassign him to a lower-graded position. *See Penland*, 115 M.S.P.R. 474, ¶ 10 (considering the fact that no rule or regulation required the appellant's reassignment); *see also Radcliffe v. Department of Transportation*, 57 M.S.P.R. 237, 241-42 (1993) (finding that where the satisfactory completion of training was a condition of employment, and there was no agency policy or regulation obligating reassignment, the Board had no authority to determine whether reassignment or a lesser penalty would be appropriate under the *Douglas* factors). Furthermore, the Board has repeatedly found removal to be an appropriate penalty for failure to maintain a condition of employment. *See Penland*, 115 M.S.P.R. 474, ¶ 11 (finding that a penalty of removal was reasonable where an appellant failed to maintain a pilot authorization required by his position); *Benally v. Department of the Interior*, 71 M.S.P.R. 537, 539–40, 542 (1996) (finding that a penalty of removal was reasonable where an appellant failed to maintain a driver's license required by his position); *McGean v. National Labor Relations Board*, 15 M.S.P.R. 49, 53-54 (1983) (sustaining an appellant's removal where he failed to maintain the authorization to practice as an attorney, as required by his position).

¶15    We also have considered the appellant's arguments on review that the penalty of removal was not reasonable and did not promote the efficiency of the service because he had several years of Federal service, no prior misconduct or performance deficiencies, and veterans enjoyed working with him. PFR File, Tab 1 at 10. As the administrative judge recognized in the initial decision, the deciding official considered these factors. ID at 13; HCD (testimony of the deciding official); I-1 IAF, Tab 7, Exhibit 3 at 1. However, after considering the factors, the deciding official determined that the penalty of removal was

reasonable and that the appellant's removal promoted the efficiency of the service because the agency needed someone who could perform the duties of a Chaplain, and without an ecclesiastical endorsement, the appellant could no longer perform those duties. HCD (testimony of the deciding official); I-1 IAF, Tab 7, Exhibit 3 at 1. Based on our review, we agree with the administrative judge that the penalty of removal promoted the efficiency of the service, and fell within the tolerable limits of reasonableness.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request further review of this final decision.

Discrimination Claims: Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* title 5 of the U.S. Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your

representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims: Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:             _____
                                              William D. Spencer
                                              Clerk of the Board

Washington, D.C.