# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| TROY E. BOWERS, | DOCKET NUMBERS |
|        Appellant, | CH-0752-15-0084-I-1 |
| | CH-0752-14-0499-I-2 |
|     v. | |
| UNITED STATES POSTAL SERVICE, | DATE: August 3, 2016 |
|        Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Glenn L. Smith, Esquire, Grand Rapids, Michigan, for the appellant.

Deborah L. Lisy, Esquire, and Shannon L. Wilson, Chicago, Illinois, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to find that the appeal of the appellant's first removal action is moot, we AFFIRM the initial decision.

## BACKGROUND

¶2      This is a consolidated appeal arising from two removal actions taken against the appellant subsequent to a November 8, 2013 Office of Inspector General (OIG) investigative report finding that the appellant, then Acting Branch Manager, had used his agency computer and internet access to "monitor, promote, and maintain his personally owned private eBay business" and to access his personal Gmail account. MSPB Docket No. CH-0752-15-0084-I-1, Initial Appeal File (0084 IAF), Tab 9 at 65‑71; 0084 IAF, Tab 37, Initial Decision (ID) at 1-2 & n.1. On February 24, 2014, the agency proposed to remove the appellant on the basis of one charge of misuse of Government office equipment supported by two specifications, which alleged that he used his Government office equipment to: (1) promote or maintain his private eBay business; and (2) check his personal email account. 0084 IAF, Tab 7 at 96‑100.

¶3      In a March 26, 2014 decision letter, deciding official B.M. imposed the removal effective April 5, 2014. *Id.* at 92-94. The appellant appealed the removal decision to the Board, alleging discrimination, retaliation, and harmful

procedural error.  MSPB Docket No. CH‑0752-14-0499-I-1, Initial Appeal File (0499-I-1 IAF), Tab 1.  By notice dated July 10, 2014, the agency informed the appellant that it was rescinding the removal decision and that it would issue a new decision based on the February 24, 2014 notice of proposed removal, which remained in effect.  0084 IAF, Tab 7 at 67.  On July 30, 2014, the administrative judge dismissed the appeal without prejudice to automatic refiling.  0499‑I‑1 IAF, Tab 12.  By September 30, 2014, the agency had not issued a new decision, and the regional office refiled the appeal sua sponte.  MSPB Docket No. CH‑0752-14-0499-I-2, Initial Appeal File (0499-I-2 IAF), Tabs 1-3.  In the refiled appeal, the appellant argued that the agency had failed to restore him to the status quo ante after rescinding the first removal decision and that he was entitled to interest on the back pay, premium detail pay, and compensatory, consequential, and liquidated damages.[2]  0049‑I‑2 IAF, Tab 12 at 4‑9.

¶4      After the appellant's representative provided an oral response to the proposed removal, deciding official S.S. issued a second decision sustaining the charge and removing the appellant effective October 17, 2014.  0084 IAF, Tab 7 at 34‑37.  The appellant timely appealed this second removal decision to the Board.  0084 IAF, Tab 1.  The administrative judge consolidated the removal appeals for hearing and adjudication.  ID at 2 n.1.  After holding the requested hearing, the administrative judge issued an initial decision affirming the removal and finding that the appellant failed to prove his due process violation and discrimination affirmative defenses.  ID at 3‑26.  The initial decision did not address the appellant's claim for damages arising from the rescinded removal action.  The appellant petitioned for review of the initial decision, the agency responded in opposition to the petition for review, and the appellant replied to the agency's opposition.  Petition for Review (PFR) File, Tabs 1, 5-6.

---

[2] The record reflects that the agency paid the appellant back pay for April 7, 2014, through May 16, 2014.  0084 IAF, Tab 20 at 43-46.

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶5　　On review, the appellant argues that the administrative judge erred in finding that the agency proved its charge; that the penalty of removal was reasonable; and that he failed to prove his affirmative defenses of disability discrimination and discrimination based on his uniformed service.  PFR File, Tab 1 at 6-16, Tab 6 at 4-8.  He further asserts that the administrative judge erred in failing to make a ruling on the damages issues raised in his appeal of the first removal action.  PFR File, Tab 1 at 16‑17, Tab 6 at 9.

The administrative judge correctly sustained the agency's charge.

¶6　　As noted above, the agency charged the appellant with two specifications of misuse of Government office equipment—specifically, (1) misuse of Government office equipment to promote or maintain a private eBay business, and (2) misuse of Government office equipment to check personal email accounts.  0084 IAF, Tab 7 at 34-35, 96-67.  To prove a misuse of Government property charge, the agency must show that the appellant used the Government property as charged and that such use was improper or unauthorized, regardless of whether the misuse was intentional.  *Rogers v. Department of Justice*, 60 M.S.P.R. 377, 388-89 (1994).  The agency bears the burden of proving the charge by preponderant evidence.  5 C.F.R. § 1201.56(b)(1)(ii).

¶7　　In the notice of proposed removal, the agency explained that the first specification was based on findings in the OIG investigative report that the appellant had accessed his personal eBay business website from his agency computer system on September 21, 2013, at 10:16 a.m., 10:18 a.m., and 10:20 a.m., and that, from January 2, 2013, through April 30, 2013, and September 20, 2013, through October 22, 2013, he had used his Postal Service employee access to the internal delivery tracking system to track shipments of items he had sold on eBay.  0084 IAF, Tab 7 at 96.  The administrative judge construed the factual narrative of the first specification as setting forth two specific subspecifications; the first regarding the appellant's use of the agency

computer system to access and monitor his eBay account, and the second regarding his use of the internal delivery tracking system to track his eBay shipments. ID at 3.

¶8    The administrative judge sustained the first subspecification of specification (1), finding that the appellant did not deny that he accessed his eBay business website from his agency computer during the three instances cited by the agency on September 21, 2013, and, moreover, that he had admitted that he did so for approximately 1 to 1.25 hours per day every day. ID at 3-4. The administrative judge further found that the appellant's use of an agency computer to "promote or maintain a personal or private business" was a violation of various provisions of the agency's rules and regulations. ID at 4. On review, the appellant argues that he believed his use of the agency computer system to monitor his eBay account, which he alleges he did only during lunches and breaks, was allowed under the agency's limited usage policy and that, if he had been notified that his conduct was not allowed, he would have used his personal cell phone to monitor his eBay account instead. PFR File, Tab 1 at 6.

¶9    As noted above, to prove this charge, the agency must show that the appellant used the Government property as charged and that such use was improper or unauthorized; the appellant's knowledge that his conduct was wrong is irrelevant to proving the charge.[3] *Rogers*, 60 M.S.P.R. at 388‑89. Here, the record evidence clearly shows that the appellant used the Government computer systems as charged, accessing his eBay account at 10:16 a.m., 10:18 a.m., and 10:20 a.m., 0084 IAF, Tab 8 at 7-12, and he has not submitted any evidence to show that he was on an unpaid break or lunch at those times. Moreover, the agency submitted evidence showing that the appellant accessed his eBay account continuously from 10:15 a.m. through 3:01 p.m. on September 21, 2013, which

---

[3] While not relevant to proving a charge of misuse of Government property, an appellant's alleged lack of notice that his conduct was wrong may "be considered in assessing the reasonableness of the penalty imposed." *Rogers*, 60 M.S.P.R. at 388‑89.

belies his contention that his use of the agency computer system for his personal business use was limited to his unpaid breaks and lunches. 0084 IAF, Tab 8 at 6-202, Tab 9 at 4-49. In any event, it is undisputed that the use of Government computer systems to maintain a personal business is prohibited by the agency's rules and regulations, even if it occurs during an unpaid break or lunch. 5 C. F. R. § 7001.102(a)(2) (stating that "[n]o Postal Service employee shall . . . [e]ngage in any sales activity, including the solicitation of business or the receipt of orders for oneself or any other person, while on duty or in uniform, or at any postal facility"); 0084 IAF, Tab 9 at 220‑24 (Handbook AS‑805 sections 5-2 and 5-4 prohibiting use of agency resources to promote or maintain a private business). Accordingly, we agree with the administrative judge's decision to sustain this subspecification and find no basis to disturb it on review.

¶10    The administrative judge also determined that the agency proved the second subspecification, which charged that the appellant used his Postal Service employee access to the internal delivery tracking system to track his eBay shipments. 0084 IAF, Tab 7 at 96. In sustaining this subspecification, the administrative judge considered the appellant's statements during the November 19, 2013 investigative interview and his hearing testimony. ID at 4-6. In the investigative interview, the appellant answered in the affirmative when asked whether he had accessed the internal tracking system to track his eBay shipments sent via first class mail but stated that he did so "on a minimal basis" and that he "did not know it was an issue." 0084 IAF, Tab 7 at 116. At the hearing, however, he denied using the internal tracking system to track his eBay shipments, stating that he had no need to utilize the internal tracking system because, after January 2013, eBay users could track shipments on the eBay website. Hearing Transcript (HT) at 276 (June 24, 2015). On cross examination, the appellant appeared to claim that he had not tracked his own eBay packages on the internal tracking system but that his response in the investigative interview pertained to his use of the internal tracking system to assist customers. HT

at 24-28 (July 15, 2015). He later testified that he had stated that he used the internal tracking system during the investigative interview because the interviewer "was asserting he had all kinds of information that I had been doing it." *Id.* at 143. The administrative judge found that the appellant's hearing testimony was "hardly a robust refutation of the conduct in question" and concluded that the appellant had utilized the agency's internal system to track his eBay shipments as charged. ID at 5. Moreover, the administrative judge noted that, even accepting the appellant's contention that he was tracking his packages via the eBay website, rather than through the internal tracking system, it was undisputed that he did so using his agency computer, which violated the agency's rules and regulations, as discussed in the first subspecification. ID at 5-6.

¶11        On review, the appellant argues that the agency has not met its burden of proof because there is not a single screenshot showing him tracking his eBay shipments through the internal tracking system and again asserts that he had no reason to utilize the internal tracking system because all available tracking information was accessible online for free after January 2013. PFR File, Tab 1 at 7-9, Tab 6 at 4-5. Although the appellant is correct that the agency has the burden of proof to establish that the charged conduct occurred, 5 C.F.R. § 1201.56(b)(1)(ii), it is not necessary that the agency furnish a screenshot to prove the charge. As the administrative judge explained, the record reflects that the appellant admitted to using the internal tracking system to track his eBay packages during an investigative interview. ID at 5; 0084 IAF, Tab 7 at 116. Although the appellant essentially recanted the admission and denied the charged conduct during the hearing, the administrative judge found the appellant's testimony on the subject to be "evasive" and "untenable" and declined to credit his statements. ID at 5. The Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons

for doing so. *Haebe v. Department of Justice*, [288 F.3d 1288](), 1301 (Fed. Cir. 2002). The appellant has failed to identify such reasons on review, and we discern no basis to disturb the administrative judge's credibility findings. Likewise, we find no basis to disturb the administrative judge's determination that the agency proved the second subspecification of specification (1).

¶12      The administrative judge also sustained the second specification, which alleged that the appellant used the agency computer system to access his personal Gmail account from January 2, 2013, through April 30, 2013. ID at 7. On review, the appellant does not deny that he engaged in such conduct or that it violates agency rules and regulations.[4] PFR File, Tabs 1, 6. Rather, he argues, as he did below, that he thought his use of the agency computers to check his personal email account was allowed under the limited usage policy. PFR File, Tab 1 at 6. As explained above, however, an agency is not required to prove intent to sustain a charge of misuse of Government property. *Rogers*, 60 M.S.P.R. at 389. Accordingly, we find no basis to disturb the administrative judge's findings on the second specification.

¶13      In light of the foregoing, we agree with the administrative judge that the agency proved the charge and all of the underlying specifications.[5]

---

[4] Handbook AS‑805 section 5-3 prohibits the use of agency resources to check personal email accounts. 0084 IAF, Tab 9 at 222.

[5] Although the administrative judge did not make an explicit finding regarding nexus, the omission has not prejudiced the parties' substantive rights. ID; *Karapinka v. Department of Energy*, [6 M.S.P.R. 124](), 127 (1981). Where, as here, the sustained misconduct involves misuse of Government property, the Board has found that there is a sufficient nexus between the employee's misconduct and the efficiency of the service. *Els v. Department of the Army*, [82 M.S.P.R. 27](), ¶ 11 (1999).

<u>The administrative judge correctly found that the appellant failed to establish his affirmative defense of discrimination based on disability and uniformed service.</u>[6]

¶14      In the initial decision, the administrative judge found without merit the appellant's disparate treatment discrimination claim, finding that his conclusory allegations of discrimination fell well short of establishing that the agency treated him more harshly than other similarly situated employees for similar conduct because of his disability or military status.  ID at 7-9.  On review, the appellant asserts that the agency treated him more harshly than one similarly situated comparator, K.P., who engaged in similar misconduct but was not removed, and argues that the only "reasonable explanation is disparate treatment based on discrimination."  PFR File, Tab 1 at 12, 14.  Even if K.P. is similarly situated to the appellant for purposes of a disparate treatment analysis, the appellant has failed, as he did below, to provide any evidence tending to show that any difference in their treatment was based on disability or military status.  PFR File, Tabs 1, 6; ID at 8-9.  Thus, we discern no basis to disturb the administrative judge's finding that the appellant failed to establish his affirmative defense of discrimination.

<u>The administrative judge correctly held that the deciding official considered the relevant factors and that the penalty of removal was within the tolerable limits of reasonableness.</u>

¶15      Where, as here, all of the agency's charges have been sustained, the Board will review an agency-imposed penalty only to determine if the agency considered all of the relevant *Douglas*[7] factors and exercised management discretion within tolerable limits of reasonableness.  *Portner v. Department of Justice*, 119 M.S.P.R. 365, ¶ 10 (2013).  In determining whether the selected

---

[6] The administrative judge also determined that the appellant failed to establish any due process violation.  ID at 8-15.  The appellant has not challenged this finding on review, PFR File, Tabs 1, 6, and we discern no basis to disturb it.

[7] In *Douglas*, the Board articulated a nonexhaustive list of 12 factors that are relevant in assessing the penalty to be imposed for an act of misconduct.  *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981).

penalty is reasonable, the Board gives due deference to the agency's discretion in exercising its managerial function of maintaining employee discipline and efficiency. *Id.* The Board will modify a penalty only when it finds that the agency failed to weigh the relevant factors or that the penalty the agency imposed clearly exceeded the bounds of reasonableness. *Id.* The most important factor in assessing whether the agency's chosen penalty falls within the tolerable bounds of reasonableness is the nature and seriousness of the misconduct and its relation to the employee's duties, position, and responsibilities, including whether the offense was intentional or was repeated frequently. *Singletary v. Department of the Air Force*, 94 M.S.P.R. 553, ¶ 12 (2003), *aff'd*, 104 F. App'x 155 (Fed. Cir. 2004). Other relevant factors may include the employee's past discipline, his past work record, the effect of the offenses on his ability to perform his duties, the consistency of the penalty with those imposed upon other employees for the same or similar offenses, the employee's potential of rehabilitation, and any mitigating circumstances. *Douglas*, 5 M.S.P.R. at 305-06.

¶16     The administrative judge found that the deciding official properly considered the relevant *Douglas* factors and that the penalty of removal did not exceed the bounds of reasonableness. ID at 15-16. He noted that the deciding official considered several mitigating factors, including the appellant's 12 years of service with the agency, 16 years of total Government service, and lack of prior discipline, but found that they did not outweigh the nature and seriousness of the appellant's conduct, his supervisory status, and his demonstrated refusal to correct his behavior despite having received repeated warnings to do so. *Id.* Although the appellant denied receiving warnings from management officials regarding his use of the agency computer systems for his eBay business, the administrative judge found that the record evidence convincingly established that the appellant had been repeatedly warned to stop engaging in such behavior. ID at 20. In so finding, the administrative judge credited the hearing testimony of three management officials who testified to having such conversations with the

appellant, explaining that their testimonies were closely corroborated by prior written statements provided to OIG and that the appellant's contentions to the contrary were implausible and unworthy of belief. ID at 17-20.

¶17    On review, the appellant reiterates his arguments that the penalty of removal is excessive because he did not know that his use of the agency computer systems was improper and no one informed him that his activities exceeded the agency's limited usage policy. PFR File, Tab 1 at 6, 10-16. In support of his contention, the appellant appears to argue that the administrative judge erred in crediting the testimony of two of the management officials. *Id.* at 11-12. Specifically, the appellant asserts that management officials M.D. and K.C. knew about and permitted his computer usage for his personal business for years without issuing him any written discipline, presumably because they did not know it violated any agency policy. *Id.* He further asserts that their written statements to OIG were short and "vague," which apparently suggests that M.D. and K.C. lied about warning the appellant against using the agency computers for his eBay activities. *Id.* As noted above, however, the Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing, and may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe*, 288 F.3d at 1301. The appellant's assertions here are speculative and constitute mere disagreement with the administrative judge's credibility findings and, as such, provide no basis for disturbing the initial decision. *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (finding no reason to disturb the administrative judge's findings where she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions).

¶18    The appellant also appears to argue that the deciding official failed to properly weigh the appellant's lack of prior discipline. PFR File, Tab 1 at 6. The appellant's mere disagreement with the weight the deciding official accorded to

his lack of prior discipline, however, does not provide a basis for review. *Kirkland v. Department of Homeland Security*, [119 M.S.P.R. 74](), ¶¶ 24-25 (2013). Moreover, we agree with the administrative judge that the deciding official properly considered the mitigating factors, such as the appellant's lack of prior discipline and tenure with the agency, but reasonably concluded that the other factors, such as the nature and seriousness of the offense, frequency and duration of the appellant's misconduct, and supervisory nature of his position outweighed the mitigating factors. 0084 IAF, Tab 7 at 36; ID at 15-16.

¶19    The appellant further argues that the administrative judge erred in his disparate penalty analysis. PFR File, Tab 1 at 12-16. As noted above, the consistency of the penalty with those imposed upon other employees for the same or similar offenses is one of the factors to be considered in determining the reasonableness of an agency-imposed penalty. *Voss v. U.S. Postal Service*, [119 M.S.P.R. 324](), ¶ 6 (2013); *Douglas*, 5 M.S.P.R. at 305. To establish disparate penalties, the appellant must show that the charges and circumstances surrounding the charged behavior are substantially similar. *Voss*, [119 M.S.P.R. 324](), ¶ 6. If an appellant makes such a showing, the agency must prove a legitimate reason for the difference in treatment by a preponderance of the evidence before the penalty can be upheld. *Id*. To trigger the agency's burden, the appellant must show that there is enough similarity between both the nature of the misconduct and other factors, such as whether the appellant and the comparator were in the same work unit, had the same supervisor and/or deciding official, and whether the events occurred relatively close in time, to lead a reasonable person to conclude that the agency treated similarly situated employees differently. *Id.* However, the Board will not have hard and fast rules regarding the outcome determinative nature of these factors. *Id*.

¶20    In the initial decision, the administrative judge found that the charges and circumstances surrounding the charged behavior of four purported comparators were not substantially similar to the appellant's charges and circumstances and

concluded that the appellant failed to establish that he was similarly situated to those employees for disparate penalty purposes.  ID at 21-25.  On review, the appellant challenges the administrative judge's findings regarding two of these employees, K.P. and J.S.  PFR File, Tab 1 at 12-16.

¶21     The record reflects that the agency proposed to remove K.P., a Postmaster who was concurrently employed part time as a varsity softball coach at a local school, for:  (1) engaging in gainful employment while in a sick leave status without first obtaining prior approval; (2) misuse of postal equipment; and (3) unacceptable conduct pertaining to incorrect record entries in an agency database.  0084 IAF, Tab 20 at 82-89.  In relevant part, the proposal notice in that case explained that, between February 1, 2013, and September 26, 2013, K.P. sent and received a number of emails related to his paid coaching position from his agency email account and, on three dates in May 2013, coached games when he was in a sick leave status without obtaining prior approval, as required under the agency policy.  *Id.* at 82‑83.  On February 18, 2015, deciding official C.H. sustained the charges but reduced the penalty to a letter of warning in lieu of a 14-day suspension and laterally reassigned K.P. to the position of Customer Services Manager.  *Id.* at 76‑81.

¶22     The administrative judge determined that, although aspects of K.P.'s misconduct were similar to the appellant's, K.P. did not run a private business from the agency computer systems.  ID at 23.  On review, the appellant appears to argue that K.P.'s misuse of postal equipment charge is substantially similar to his misuse of Government equipment charge because K.P. used the agency computers to email students and their parents, i.e., his customers.  PFR File, Tab 1 at 13. The appellant further asserts that he is in the same supervisory chain as K.P. because C.H., the deciding official in K.P.'s case, is the same District Manager who supervises M.S., the deciding official in the appellant's case, and that the

proposing official in K.P.'s case, B.M., also proposed the appellant's first removal. *Id*. at 14.

¶23    We agree with the administrative judge, however, that K.P.'s misconduct is not substantially similar to the appellant's misconduct. ID at 23. The record reflects that the appellant spent at least 1 to 1.25 hours each day on the agency computers monitoring his auctions, revising his listings, and answering customer emails. 0084 IAF, Tab 8, Tab 9 at 61, 81-194, HT at 274-75 (June 24, 2015). On the other hand, K.P.'s misuse of the agency computers was limited to sending emails to parents and students regarding such details as when they were leaving for an event and whether an event was canceled or needed to be rescheduled. 0084 IAF, Tab 20 at 83; HT at 56 (June 23, 2015). In addition, the appellant's use of his personal email account from his agency computer was strictly prohibited by agency policies, whereas K.P.'s use of the agency email, while improper, was not specifically prohibited by any policy. HT at 58 (June 23, 2015). The charges also are distinguishable because there is no indication that management officials ever specifically warned K.P. to discontinue his personal use of the agency computer systems, whereas the appellant was warned multiple times but failed to correct his behavior. *Id.* at 59-62. Although the appellant has some of the same supervisory chain as K.P., such fact alone is insufficient to establish that he is similarly situated to K.P. for the purposes of a disparate penalty analysis. *Voss*, 119 M.S.P.R. 324, ¶ 6.

¶24    The record also reflects that, on August 30, 2013, J.S., a Part-Time Flexible Clerk, was issued a 7‑day suspension for "improper conduct" involving the sale of "home-based products over the counter at the [Post Office]." 0084 IAF, Tab 20 at 112-13. The administrative judge found that J.S. was not similarly situated to the appellant because, unlike the appellant, J.S. was not a supervisor, and she took ownership of, and showed remorse for, her conduct. ID at 24. On review, the appellant argues that J.S.'s misconduct was similar to his misconduct and, in fact, more severe because she was "using the entire facility to run her

business, selling product[s] to postal customers . . . storing the product in a filing cabinet at the Post Office." PFR File, Tab 1 at 15. He further claims that he has "taken ownership and has never denied his usage, only that he did not know it was a violation of any policy." *Id.* As the administrative judge correctly explained, however, J.S. was not a supervisor. ID at 24. Because a higher standard of conduct is required of a supervisor, *Cantu v. Department of the Treasury*, 88 M.S.P.R. 253, ¶ 8 (2001), we agree with the administrative judge that the appellant and J.S. are not similarly situated for disparate penalty purposes. ID at 24.

¶25    The appellant's other contentions on review likewise provide no basis to disturb the administrative judge's finding that there is not enough similarity between both the nature of the conduct and other factors to lead a reasonable person to conclude that the agency treated similarly situated employees differently. Recognizing that the Board must accord proper deference to the agency's primary discretion in managing its workforce, we see no reason to disturb the administrative judge's finding that removal is a reasonable penalty in this case. *Douglas*, 5 M.S.P.R. at 306.

We modify the initial decision to find that the appeal of the first removal action is moot.

¶26    As the appellant correctly argues on review, the initial decision failed to address his claims for damages raised in the appeal of the first removal action. ID; PFR File, Tab 1 at 16‑17, Tab 6 at 9. We need not remand the appeal, however, because the record is sufficiently developed to allow us to resolve the outstanding issues pertaining to the first removal action, which the agency subsequently rescinded, in the first instance. On the basis of the following, we find that the appeal of the first removal action is moot, and we modify the initial decision accordingly.

¶27    The Board may dismiss an appeal as moot if the appealable action is cancelled or rescinded by the agency. *Hess v. U.S. Postal Service*, 123 M.S.P.R.

183, ¶ 5 (2016). For an appeal to be deemed moot, the agency's rescission must be complete, and the employee must be returned to the status quo ante. *Id.* Status quo ante relief generally requires that the agency return the appellant to the position he previously occupied, or one substantially equivalent in scope and status, remove all references to the rescinded action, and restore to the appellant any lost back pay or benefits. *Id.*

¶28      Here, the appellant does not dispute that the agency cancelled the first removal action, returned him to a pay status pending a second decision on the notice of proposed removal, and restored to him lost back pay and benefits. 0499-I-2 IAF, Tab 12 at 4‑9; 0084 IAF, Tab 7 at 67, Tab 20 at 43‑46. He argues, however, that the appeal of the rescinded removal is not moot because he is entitled to interest on the back pay, an additional 5% in premium detail pay, and compensatory, consequential, and liquidated damages. 0499‑I‑2 IAF, Tab 12 at 4‑9.

¶29      Where, as here, the agency voluntarily rescinds a removal action, the appellant is not entitled to an award of interest on back pay. *Williams v. Department of the Army*, 97 M.S.P.R. 246, ¶¶ 10-14 (2004), *overruled on other grounds*, *Durr v. Department of Veterans Affairs*, 99 M.S.P.R. 283 (2005). The appellant also is not entitled to a 5% premium detail pay because the record reflects that his higher-level detail assignment was terminated 5 months prior to the effective date of the first removal action and thus was unaffected by the subsequently rescinded action. 0084 IAF, Tab 25 at 45. In addition, the appellant is not entitled to compensatory damages based on a finding of discrimination because, as discussed above, the administrative judge found, and we agree, that the appellant failed to prove his discrimination claims. 5 C.F.R. § 1201.201(d) (stating that the Board may award compensatory damages to a prevailing party who is found to have been subjected to intentional employment discrimination under Title VII). Finally, the appellant is not entitled to

consequential or liquidated damages, which are available only in specific situations not present here. 5 C.F.R. §§ 1201.201, 1201.202. Accordingly, we find that the agency returned the appellant to the status quo ante after rescinding the first removal decision, and the appeal of that action is now moot.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* title 5 of the U.S. Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:　　　　　　　　_____
　　　　　　　　　　　　　　　　Jennifer Everling
　　　　　　　　　　　　　　　　Acting Clerk of the Board

Washington, D.C.