Becky L. SINGLETARY, Petitioner,

v.

DEPARTMENT OF THE AIR FORCE, Respondent.

No. 04–3042.

United States Court of Appeals, Federal Circuit.

DECIDED: July 9, 2004.

Barrie M. Shapiro, Minahan & Shapiro, Lakewood, CO, for Petitioner.

Martin T. Mitchell, Department of the Air Force, Rossyln, VA, for Respondent.

Before MAYER, LOURIE and LINN, Circuit Judges.

PER CURIAM.

Becky L. Singletary ("Singletary") seeks review of the Merit Systems Protection Board's ("Board") final order: (1) denying her motion for dismissal of the Department of the Air Force's ("Agency") petition for review and (2) reinstating the Agency's removal penalty. *Singletary v. Dep't of the Air Force*, 94 M.S.P.R. 553 (2003) (*"Final Decision"*). Because the Board did not act contrary to law in refusing to dismiss the petition for review and did not act arbitrarily or capriciously, or abuse its discretion by reinstating the penalty of removal, we *affirm*.

## BACKGROUND

Singletary was a Management Assistant at the Robins Air Force Base in Georgia. Singletary's duties included timekeeping, procurement, and matters involving personnel and other issues of a classified and confidential nature. *Id.* at 559. Between December 1998 and November 2000, Singletary received over $9,000 in improper overtime pay, but she did not notify the Agency of the erroneous payments. *Id.* at 555. On November 29, 2000, Singletary's supervisor was notified of discrepancies in overtime pay. When initially confronted with allegations of improper overtime pay, Singletary claimed to be unaware of the improper payments. *Id.* at 560. On November 28, 2001, the Agency proposed to remove Singletary for improper receipt of overtime pay. At this point, Singletary admitted that she had not worked the overtime, that she was aware that she had received more overtime pay than she deserved, and that she had not informed a supervisor. Also, she offered to pay back the amount that she had been overpaid.

On March 14, 2002, the Agency decided to remove Singletary from employment, effective immediately. *Id.* at 555. Singletary appealed her removal to the Board. Before the Board, Singletary stipulated to the improper receipt of overtime pay. *Id.* An administrative hearing was held before an Administrative Judge ("AJ"). The AJ mitigated the removal penalty to a 120–day suspension, citing Singletary's long work history with the Agency and her showing of remorse at the hearing. *Singletary v. Dep't of the Air Force*, No. AT–0752–02–0452–I–1 (M.S.P.B. July 16, 2002) ("*Initial Decision*"). The AJ also ordered the Agency to provide Singletary with interim relief pursuant to 5 U.S.C. § 7701(b)(2)(A) in the event of an appeal.

The Agency petitioned the Board for review of the AJ's decision. Singletary filed a motion to dismiss the Agency's petition for review on the grounds that she had not been afforded interim relief. The motion alleged that the Agency changed her duties without making an "undue disruption" determination. The Agency filed a reply admitting that Singletary had not been returned to the full duties of her position. However, the Agency maintained that its "undue disruption" determination was implicit in its decision not to return Singletary to her former duties. *Final Decision,* 94 M.S.P.R. at 556–57.

On September 30, 2003, the Board issued its Final Decision. The Board found that the Agency had complied with the law with respect to the interim relief afforded to Singletary. The Board concluded that the nature and seriousness of Singletary's misconduct justified the Agency in changing her duties. *Id.* at 558. Furthermore, the untimely production of the Agency's evidence of "undue disruption" was excused by the "confusing language" of the AJ's opinion. *Id.* The Board also reinstated the Agency's penalty of removal after finding that the Agency had considered the relevant factors and that the removal penalty was reasonable under the circumstances. *Id.* at 561. Singletary timely appealed to this court. We have jurisdiction pursuant to 5 U.S.C. § 7703(b)(1).

## DISCUSSION

The scope of our review in an appeal from a Board decision is limited by statute. We must affirm the Board's decision unless it was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); *Munson v. Merit Sys. Prot. Bd.*, 318 F.3d 1358, 1360 (Fed.Cir. 2003).

On appeal, Singletary makes two arguments: (1) the Board's decision regarding the Agency's compliance with the interim relief statute was not in accordance with law, and (2) the Board's decision to reinstate Singletary's removal was arbitrary, capricious, or an abuse of discretion. We discuss each of these arguments in turn.

Singletary argues that because she was not returned to her regular duties and the Agency did not make a proper "undue disruption" determination, the Agency's petition for review should have been dismissed. She argues that the Board should not be permitted to overlook the untimely undue disruption determination and that undue disruption determinations must be explicit under the statute.

The applicable statute governing appeals from the Merit Systems Protection Board requires interim relief for the affected employee unless "the employing agency . . . determines that the return or presence of such employee or applicant is unduly disruptive to the work environment." 5 U.S.C. § 7701(b)(2)(A)(ii)(II) (2000). The applicable regulation states: "Failure by an agency . . . to provide evidence of compliance in response to a Board order . . . *may* result in the dismissal of the agency's petition . . . for review." 5 C.F.R. § 1201.115(b)(4) (2004) (emphasis added). In 1999, the Board changed the regulation to read "may" instead of "will." *Guillebeau v. Dep't of the Navy,* 362 F.3d 1329, 1333 (Fed.Cir.2004). In *Guillebeau v. Department of the Navy,* we said that, in view of the Board's revision of the regulation, dismissal of a petition for review was no longer mandatory, and the Board has discretion to "dismiss or not dismiss an appeal if the government fails to comply with an interim relief order." *Id.* at 1332–33.

■ Here, the Board held that the Agency complied with the interim relief order. The Board held that the Agency's proffered justification for limiting Singletary's duties—"the nature of the appellant's serious misconduct, and the agency's justified loss of trust in her"—supported an undue disruption determination. *Final Decision,* 94 M.S.P.R. at 557–58. Although the justification for the Agency's actions was provided in a reply brief to the Board and thus, was untimely, the Board held that the delay was excusable because of "the confusing language in the initial decision's penalty determination regarding the relief to which the appellant is entitled." *Id.* at 556–58. While the Board did not explain what language it found confusing, its citation to *Purzycki v. General Services Administration,* 81 M.S.P.R. 188, ¶ 13 (1999), and *Haebe v. Department of Justice,* 81 M.S.P.R. 167, ¶ 15 (1999), makes clear that it was referring to the failure of the AJ to explain what constitutes an undue disruption determination. *See Initial Decision,* slip op. at 9. Singletary has not pointed us to any statute that the Board violated in this case. Moreover, the regulation provides the Board with discretion in determining whether to dismiss a petition for review. Thus, we see nothing in the Board's determination that was contrary to law.

■ Singletary also argues that the Board abused its discretion in reinstating the removal penalty of the Agency. Singletary asserts that the Board improperly overturned the AJ's credibility determinations and violated its precedent in not giving sufficient mitigating weight to Singletary's sixteen years of service. The Board, however, did not address the AJ's credibility determinations. Rather, the Board held that the AJ gave undue weight to Singletary's remorse at the hearing because Singletary did not express such remorse until faced with dismissal. *See Final Decision,* 94 M.S.P.R. at 560–61. The

**158**

Board concluded that the Agency considered the relevant factors and that its removal penalty was within the bounds of reasonableness. The cases cited by Singletary are not factually similar to the present case and thus do not support her argument that the Board did not properly credit her sixteen years of service. The Board did not act arbitrarily or capriciously, or abuse its discretion in reinstating the Agency's removal penalty.

CONCLUSION

Because the Board did not act contrary to law in refusing to dismiss the petition for review and did not act arbitrarily, capriciously, or abuse its discretion by reinstating the penalty of removal, we affirm.