NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SHELLY M. MATHEW,**
*Petitioner*

**v.**

**UNITED STATES POSTAL SERVICE,**
*Respondent*

---

2017-2108

---

Petition for review of the Merit Systems Protection Board in No. DA-0752-16-0470-I-1.

---

Decided: September 7, 2017

---

SHELLY M. MATHEW, Oklahoma City, OK, pro se.

BORISLAV KUSHNIR, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., DEBORAH A. BYNUM.

---

Before PROST, *Chief Judge,* WALLACH and STOLL, *Circuit Judges.*

PER CURIAM.

Shelly M. Mathew appeals the Merit Systems Protection Board's ("Board") decision affirming the United States Postal Service's ("USPS") decision to remove her based on unacceptable performance. We affirm.

I

Ms. Mathew began working for the USPS in 1998. At the time of her removal, she was employed with the USPS as a Distribution Operations Supervisor.

In October 2015, Ms. Mathew's direct supervisor, Shannel Brown, placed Ms. Mathew on a Performance Improvement Plan ("PIP"). The PIP required Ms. Mathew to carry out Dock Supervisor responsibilities, including: (1) maintaining employee work schedules and assigning duties to subordinate employees; (2) communicating with employees and having daily service and safety talks; (3) monitoring operational problems and recommending solutions; (4) coordinating mail flow activities with other supervisors; (5) investigating accidents in her assigned unit; (6) properly maintaining clock rings and maintaining supporting documentation; and (7) monitoring employees' time and attendance.

On March 28, 2016, Ms. Brown conducted an investigative interview of Ms. Mathew regarding various performance issues. On June 20, 2016, Ms. Brown proposed Ms. Mathew's removal based on a charge of unacceptable performance. This charge against Ms. Mathew contained eight separate specifications, including: failing to assign duties and/or shift employees based on operational needs (specification no. 3); leaving the dock unattended during peak times (specification no. 4); failing to ensure that mail in her assigned area or under her supervision was cleared (specification no. 5); failing to take a certain training course as part of the PIP (specification no. 6); failing to timely perform and/or maintain records of safety and

service talks (specification no. 7); and failing to perform her duties as they related to subordinate employees' attendance (specification no. 8). The proposed-removal letter also noted Ms. Mathew's prior disciplinary record, which included five separate disciplinary actions taken between 2012 and 2015.

Ms. Mathew presented an oral reply to this charge on June 20, 2016. On July 14, 2016, Plant Manager Mike Melendrez issued a decision sustaining the removal.

Ms. Mathew appealed that decision to the Board arguing, among other things, that the removal penalty was excessively harsh given her length of service with the agency. The administrative judge held a hearing and heard testimony from Ms. Mathew, Ms. Brown, Mr. Melendrez, and other witnesses. The administrative judge issued an initial decision on March 3, 2017, sustaining the aforementioned six of the eight specifications (i.e., nos. 3–8) and concluding that the USPS established Ms. Mathew's unacceptable performance by a preponderance of the evidence.

The administrative judge then considered the appropriateness of the penalty. Ultimately, the administrative judge affirmed the USPS's removal action, finding that "[Mr.] Melendrez responsibly balanced the appropriate factors and the penalty did not exceed the bounds of reasonableness." Resp't's App. 30.

The administrative judge's initial decision became the Board's final decision on April 7, 2017. *See* 5 C.F.R. § 1201.113. Ms. Mathew timely petitioned this court for review. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## II

Our review of Board decisions is limited. *See* 5 U.S.C. § 7703(c). We review a decision for whether it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise

not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." *Id.*; *see Grover v. Office of Pers. Mgmt.*, 828 F.3d 1378, 1382 (Fed. Cir. 2016). "A petitioner who challenges the factual underpinnings of the [Board's] decision must show that the decision is unsupported by substantial evidence." *Belanger v. Office of Pers. Mgmt.*, 1 F.3d 1223, 1227 (Fed. Cir. 1993). Substantial evidence is "such relevant evidence as a reasonable individual might accept as adequate to support a conclusion." *Id.*

Ms. Mathew raises three arguments on appeal. First, she contends that she "did not violate any policies or procedures." Appellant's Informal Br. 1. The Board found otherwise. The administrative judge heard detailed testimony and considered documentation regarding specific instances of the conduct described in specification nos. 3–8. The evidence reflects that the specifications implicated several USPS policies or procedures. Regardless, "there is no requirement that an employee must violate a specific written policy before [she] can be disciplined under chapter 75." *Fontes v. Dep't of Transp.*, 51 M.S.P.R. 655, 663 (1991). After considering the evidence, the administrative judge found that the USPS had proved specification nos. 3–8. He therefore sustained the charge of unacceptable performance. Resp't's App. 23 (citing *Burroughs v. Dep't of the Army*, 918 F.2d 170, 172 (Fed. Cir. 1990)). Substantial evidence supports the Board's findings.

Second, Ms. Mathew contends that the Board failed to consider her efforts to "change [her] work environment several times." Appellant's Informal Br. 1. Because Ms. Mathew did not submit a written reply to the charge against her, and because there appears to be no transcript of her oral reply from June 20, 2016, *see* Resp't's App. 29 n.12, the exact nature of her alleged efforts to change her work environment is unclear. However, the record indi-

cates that both Mr. Melendrez and the Board considered "personality conflicts" that Ms. Mathew raised, as well as her desire for more autonomy from her supervisors. *Id.* at 29. Mr. Melendrez testified, however, that (1) Ms. Mathew's performance issues forced his managers to oversee her work; (2) he determined that the alleged personality conflicts did not warrant mitigating the penalty to less than removal; and (3) there were no mitigating circumstances that justified her performance problems.

Finally, Ms. Mathew contends that the Board "should have considered [her] length of service." Appellant's Informal Br. 1. Again, the record indicates that both Mr. Melendrez and the Board "considered her past work record, which includ[ed] approximately 20 years of service." Resp't's App. 28. Mr. Melendrez also testified, however, that Ms. Mathew could not perform basic supervisory functions and that the penalty was consistent with that issued in similar prior cases.

In sum, the administrative judge heard testimony concerning Mr. Melendrez's consideration of Ms. Mathew's alleged personality conflicts, desire for more autonomy from her supervisors, and length of service. The administrative judge considered this and other testimony as part of a broader assessment of whether the USPS "considered all relevant factors and exercised management discretion within the tolerable limits of reasonableness." Resp't's App. 24 (citing *Singletary v. Dep't of the Air Force*, 94 M.S.P.R. 553, 558 (2003), *aff'd*, 104 F. App'x 155 (Fed. Cir. 2004)); *see id.* at 24–30. He concluded that the USPS did so, and we discern no error in the Board's assessment. Accordingly, we affirm the Board's decision.

## AFFIRMED

COSTS

The parties shall bear their own costs.