# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JULIE P. AGARWAL, | DOCKET NUMBER |
| Appellant, | DC-0752-15-0729-I-1 |
| v. | |
| DEPARTMENT OF TRANSPORTATION, | DATE: February 27, 2023 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>George M. Chuzi</u>, Esquire, Washington, D.C., for the appellant.

<u>Ann P. Herchenrider</u>, Esquire, and <u>Bernadette Victoria Brennan</u>, Esquire, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained her removal.  Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The agency removed the appellant from her Attorney-Advisor position on the basis of one charge of conduct demonstrating untrustworthiness. Initial Appeal File (IAF), Tab 6 at 14-20. She filed the instant appeal challenging her removal, asserting an affirmative defense of retaliation for equal employment opportunity activity and requesting a hearing. IAF, Tab 1. After holding the appellant's requested hearing, the administrative judge sustained the removal. IAF, Tab 33, Initial Decision (ID). The appellant has filed a petition for review, the agency has responded in opposition, and the appellant has replied. Petition for Review (PFR) File, Tabs 5, 11, 16-17.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge properly concluded that the agency proved its charge.

¶3 The appellant asserts that the administrative judge erred in sustaining the charge. PFR File, Tab 5 at 15-37. The agency proposed the appellant's removal on the basis of a charge of conduct demonstrating untrustworthiness described in a narrative summarized as follows: (1) she denied destroying a document that

was brought to her for signature in her role as Secretary of the agency; (2) she engaged in a confrontation with the two employees who had complained about the destruction of the document and accused them of spreading lies about her; and (3) she did not convey the nature of her interaction with the two employees to her first-line supervisor (the proposing official) and tried to dissuade her supervisor from pursuing further information about the interaction.[2]  IAF, Tab 7 at 96-97.

¶4      In her initial decision, the administrative judge found that the agency proved the charge.  ID at 24-34.  Specifically, she found that, consistent with the appellant's first-line supervisor's testimony, the appellant demonstrated untrustworthiness when she denied ripping a document presented for her signature and denied knowing which document was at issue.  ID at 30.  The administrative judge also found that the appellant engaged in conduct demonstrating untrustworthiness when she confronted the two employees who complained about her ripping the document in an effort to prevent future complaints and further pursuit of their current complaint.  ID at 30-32; IAF, Tab 6 at 36, 40.  The administrative judge further determined, based upon her finding that the appellant's first-line supervisor was more credible than the appellant, that the appellant did not communicate the scope of her conflict with the two employees to her first-line supervisor and attempted to prevent her supervisor from further pursuing the issue.  ID at 33.

---

[2] The appellant asserts that the administrative judge improperly relied on the deciding official's characterization of the charge in his testimony as opposed to the written description of the charge.  PFR File, Tab 5 at 7.  If an agency simply describes the underlying misconduct of its charge in a narrative form, it may have its discipline sustained if the efficiency of the service suffers because of the misconduct.  *Yinat v. Department of the Army*, 101 M.S.P.R. 328, ¶ 17 (2005).  The administrative judge considered the deciding official's testimony as a "helpful tool" in analyzing the charge, which consisted of a label followed by a narrative.  ID at 23-24.  However, her initial decision sustained the charge based upon her finding that the agency proved all of the elements as set forth in the proposal.  *Id.*  Accordingly, the appellant's assertion does not provide a basis for disturbing the initial decision.

¶5        On review, the appellant asserts that the administrative judge erred in crediting the testimony of the appellant's first-line supervisor along with agency evidence over the appellant's live testimony to sustain the first portion of the charge. PFR File, Tab 5 at 8-9. Specifically, the appellant argues that her testimony shows that she did not lack candor in responding to her first-line supervisor because the supervisor asked her if she destroyed a document that she had refused to sign but she actually had not refused to sign the document that she destroyed. *Id*. at 8.

¶6        To resolve credibility issues, an administrative judge must identify the factual questions in dispute, summarize the evidence on each disputed question, state which version she believes, and explain in detail why she found the chosen version more credible, considering such factors as the contradiction of the witness's version of events by other evidence or its consistency with other evidence, the witness's demeanor, and the inherent improbability of the witness's version of events. *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987). The Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002).

¶7        The administrative judge considered the testimony of the appellant's first-line supervisor refuting that the appellant had identified to her supervisor any document that the appellant had destroyed. ID at 26; Hearing Transcript (HT) (testimony of first-line supervisor) at 72. The administrative judge found that the supervisor's testimony regarding her conversation with the appellant was more credible than the appellant's testimony because it was supported by the record evidence, including a contemporaneous email. ID at 27; IAF, Tab 6 at 29. She also credited the appellant's first-line supervisor's testimony that, if the appellant had admitted to having destroyed a document, she would not have

disciplined her and would have instead counseled her. ID at 26; HT at 71-72 (testimony of first-line supervisor). In contrast, the administrative judge found that the appellant's "general evasiveness" and her failure to address certain facts made her testimony less credible and that her credibility was further undermined by a written statement of one of the employees who was involved in the incident. ID at 28. The administrative judge also found it highly unlikely that the employee would have submitted a false or confused statement. ID at 28-29. The administrative judge's finding sustaining the first part of the charge is specifically based upon the appellant's evasive demeanor. We agree with the administrative judge's determination that the appellant's version of events is not consistent with the other evidence and is not probable.

¶8    Further, we agree with the administrative judge's finding that it is of little significance whether the appellant refused to sign the document that she destroyed or simply destroyed the document, given that the employees and the appellant were all aware of which document was at issue. ID at 27. The administrative judge found that, even though the appellant's first-line supervisor did not know the nature of the document, identify the document, or tell the appellant which employees had complained about the destruction of the document, the appellant still indicated that she was aware of which document was in question. *Id*. Accordingly, the appellant's argument regarding whether or not she actually signed the document does not provide a reason for disturbing the administrative judge's finding that the appellant knowingly falsely denied destroying the document, and we thus defer to the administrative judge's finding sustaining this portion of the charge.[3]

---

[3] To the extent that the appellant is arguing that the agency was required to prove the charge of lack of candor, PFR File, Tab 5 at 31, we find that it has proven this charge because, in denying that she ripped up a document presented for her signature, the appellant provided incorrect or incomplete information and did so knowingly. *See Gardner v. Department of Veterans Affairs*, 123 M.S.P.R. 647, ¶ 23 (2016), *clarified by*

¶9     The appellant also asserts that the administrative judge should not have believed the testimony of the appellant's first-line supervisor in finding that she pressured the two employees because the supervisor was not a witness to the meeting.  PFR File, Tab 5 at 9.  In sustaining this portion of the charge, the administrative judge considered that the appellant admitted in her response to the proposal that she asked the two employees if they were spreading lies about her.  ID at 30; HT at 390, 393 (testimony of the appellant); IAF, Tab 6 at 103.  The administrative judge also considered that the appellant did not dispute one employee's statement that the appellant spoke negatively about the other employee's work and that their meeting was loud and tense.  ID at 30-31.  We agree with the administrative judge that, based upon this evidence, the agency has proven this portion of the charge.  Accordingly, we find that the administrative judge properly sustained this portion of the charge.

¶10    Next, the appellant disagrees with the administrative judge's finding, based upon her first-line supervisor's testimony, that her report about her interactions with the other employees was manipulative.  PFR File, Tab 5 at 9.  The administrative judge considered that the appellant failed to directly answer questions during her testimony about her interactions with the other employees.  ID at 33; HT at 393 (testimony of the appellant).  The administrative judge found, based upon her determination that the appellant was not credible, that the appellant failed to report her complete interactions with the other employees and encouraged her first-line supervisor not to pursue the matter because she wanted to prevent any potential harm.  ID at 33.  The appellant does not provide a reason for disturbing this credibility-based finding.  Thus, we conclude that the administrative judge properly sustained the charge.[4]

---

*Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 23-24; *Fargnoli v. Department of Commerce*, 123 M.S.P.R. 330, ¶ 17 (2016); ID at 30.

[4] The appellant objects to the administrative judge's failure to include certain agency admissions in the list of agreed upon material facts.  PFR File, Tab 5 at 9-10; IAF,

<u>The administrative judge properly found that the removal penalty was reasonable.</u>

¶11    Next, the appellant asserts that the administrative judge erred by permitting the agency to rely on her prior suspension as an aggravating factor in its penalty determination because the discipline was clearly erroneous.  PFR File, Tab 5 at 37-43.  The agency previously imposed a 5-day suspension on the appellant for "failure to accurately report information on applications/résumés for Federal employment."  IAF, Tab 6 at 51-55.  The deciding official had sustained the charge based upon most of the underlying specifications outlined in the proposal but mitigated the proposed penalty from a 7-day to a 5-day suspension.  *Id*.  The appellant asserts that this discipline should not have been an aggravating factor because the deciding official in that action did not properly discuss all specifications and improperly sustained certain specifications by incorrectly construing her statements about her past work experience.  PFR File, Tab 5 at 39-42.  She also asserts that the deciding official did not consider her response to the proposed suspension.  *Id*. at 43.

¶12    The Board's review of a prior disciplinary action is limited to determining whether that action is clearly erroneous, the employee was informed of the action in writing, the action is a matter of record, and the employee was permitted to dispute the charges before a higher level of authority than the one that imposed the discipline.  *Bolling v. Department of the Air Force*, [9 M.S.P.R. 335](#), 339-40 (1981).  The record is clear that the appellant was informed of the action in writing via the proposal, the discipline is a matter of record, she was able to dispute the charge via a lengthy written response that is contained in the record,

---

Tab 27 at 3.  She also objects to certain findings regarding which document the employees took to another person for signature and certain specific facts underlying her prior suspension because she asserts that these findings are contrary to the agency's stipulations.  PFR File, Tab 5 at 30-31, 39, 42-43.  However, because the appellant has not shown how any such errors would warrant an outcome different from that of the initial decision, we find that her arguments do not provide a reason for disturbing the initial decision.  *See Panter v. Department of the Air Force*, [22 M.S.P.R. 281](#), 282 (1984).

and she disputed the charge before the deciding official, who sustained only four of the nine specifications and mitigated the penalty from a 7-day to a 5-day suspension. IAF, Tab 6 at 51-55, Tab 8 at 4-177, Tab 9 at 4-100. Furthermore, we agree with the administrative judge that the record does not give the impression that the discipline was clearly erroneous. ID at 40. In particular, we agree with the administrative judge's finding that the proposing official, as the appellant's first-line supervisor, and the deciding official, as the appellant's second-line supervisor, were in a position to determine whether she had accurately reported her previous work experience on her résumé and determined that she had not done so. *Id.* Accordingly, we agree that the agency, in assessing the penalty, properly relied on the appellant's prior discipline. *See Doran v. Department of the Treasury*, 115 M.S.P.R. 604, ¶ 7 (2011).

¶13     Finally, we find that the administrative judge properly concluded that the agency's penalty was within the bounds of reasonableness. ID at 39-41. The appellant asserts that she should not have been removed because, among other things, she was a high-ranking employee with over 20 years of service and the deciding official conceded that the incidents at issue were trivial. PFR File, Tab 5 at 6.

¶14     When, as here, all of the agency's charges are sustained, the Board will review the agency-imposed penalty only to determine if the agency considered all the relevant factors and exercised management discretion within the tolerable limits of reasonableness. *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981). The administrative judge found that, as a GS-14 attorney, the appellant was in a position of trust, her misconduct was serious, her supervisors reasonably lost trust in her, and she was unlikely to be rehabilitated both because she did not take responsibility for her actions and because she had a prior disciplinary record. ID at 41. Accordingly, the administrative judge concluded that the mitigating factors did not justify a lesser penalty. *Id.*; IAF, Tab 6 at 14-20. We agree that the removal penalty is reasonable under these

circumstances.[5]  *See Ellis v. Department of Defense*, <u>114 M.S.P.R. 407</u>, ¶ 11 (2010) (sustaining the appellant's removal for willfully forging or falsifying official Government records or documents, misuse of position, and failure to accurately report information which caused the agency to justifiably lose confidence in his integrity and judgment and concluding that the deciding official reasonably determined that the mitigating factors, including the appellant's length of service and any personal issues that may have contributed to his actions did not warrant a lesser penalty); *Singletary v. Department of the Air Force*, <u>94 M.S.P.R. 553</u>, ¶¶ 16-17 (2003) (stating that the efficiency of the service is the ultimate criterion for determining whether a particular penalty may be sustained and considering the deciding official's testimony that, as a result of the appellant's actions, she lost trust in her ability to perform her fiduciary-related duties), *aff'd*, 104 F. App'x 155 (Fed. Cir. 2004).

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision.  <u>5 U.S.C. § 7703</u>(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  <u>5 U.S.C. § 7703</u>(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[5] Although the appellant generally challenges the administrative judge's finding that she failed to establish her affirmative defense of equal employment opportunity retaliation, we find no reason to disturb the initial decision in this respect.  PFR File, Tab 5 at 44; *see Pridgen*, <u>2022 MSPB 31</u>, ¶¶ 20-24, 30..

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  [5 U.S.C. § 7703](b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , [137 S. Ct. 1975](2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* [42 U.S.C. § 2000e-5](f) and [29 U.S.C. § 794a](.)

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  [5 U.S.C. § 7702](b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  [5 U.S.C. § 7702](b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    /s/ for
                          _____
                          Jennifer Everling
                          Acting Clerk of the Board

Washington, D.C.