# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KEYNO I. HENRY,
        Appellant,

        v.

DEPARTMENT OF THE AIR FORCE,
        Agency.

DOCKET NUMBER
AT-0752-16-0632-I-1

DATE: March 31, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Marion L. Williams, Warner Robins, Georgia, for the appellant.

Gregory Lloyd, Esquire, Robins Air Force Base, Georgia, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[1]

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed his removal. Generally, we grant petitions such as this one only in the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[1] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant served at the agency's Robins Air Force Base as an Aircraft Overhaul Systems Mechanic, a testing designated position (TDP) for which employees are subject to random drug testing as a condition of employment. Initial Appeal File (IAF), Tab 1, Tab 4 at 40-42. He tested positive for marijuana in a random test, and the agency proposed his removal. IAF, Tab 4 at 32-33. After considering his response, the agency removed the appellant effective July 1, 2016. *Id.* at 11, 15.

¶3 The appellant appealed his removal, stipulating that he engaged in the charged conduct, i.e., testing positive for an illegal drug, and arguing that the agency violated his due process rights and punished him more severely than other similarly situated employees. IAF, Tabs 1, 11 at 12-15, 12. After holding a hearing, the administrative judge issued an initial decision that affirmed the appellant's removal, finding no dispute regarding the charged misconduct and determining that the agency established a nexus between that misconduct and the

efficiency of the service. IAF, Tab 15, Initial Decision (ID) at 2-3. He further found, based on the testimony before him, that the deciding official had considered the relevant *Douglas* factors and that the penalty of removal was reasonable under the circumstances. ID at 3-4. The administrative judge found that the appellant failed to establish that the agency treated similarly situated employees more favorably or violated his right to due process. ID at 4-6. He also rejected the appellant's claim that the agency committed harmful error in the application of its own procedures, finding that the agency retained the discretion to remove the appellant for a positive drug test notwithstanding his subsequent participation in rehabilitative treatment. ID at 6-8.

¶4    In his petition for review, the appellant challenges the administrative judge's findings regarding nexus and the reasonableness of the penalty. Petition for Review (PFR) File, Tab 1. He argues that the deciding official had no personal knowledge of him save for the documents relied upon by the agency to remove him. *Id.* at 6. By contrast, the appellant argues that the management officials with firsthand knowledge of him at work, i.e., his first- and second-level supervisors, wrote letters expressing their trust and confidence in both him and his performance. *Id.*; IAF, Tab 4 at 30-31. He also challenges the deciding official's determination that he lacked rehabilitative potential because he did not seek treatment before testing positive, questioning whether the agency gave him notice of its rehabilitation requirements. PFR File, Tab 1 at 6. The appellant also contests the deciding official's testimony that he self-certified all his work. *Id.* Lastly, he argues that his removal was not based on his misconduct, but instead was based on his wife's career as an undercover agent in the base's Office of Special Investigation (OSI), asserting for the first time that the agency removed him "under the Cat's Paw Theory" in reprisal for the alleged belief of his "coworkers and some manager" that he had provided the information that OSI used in conducting drug raids on individuals in his organization. *Id* at 7. The

agency responds in opposition to the appellant's petition for review. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5 Because the appellant stipulated to the charge, conceding that he tested positive for marijuana in a required random drug test, the only issues in this appeal are whether the agency established a nexus between the appellant's misconduct and the efficiency of the service, whether the agency established the reasonableness of the penalty, and whether the appellant established his affirmative defenses. IAF, Tab 12; *see Cole v. Department of the Air Force*, 120 M.S.P.R. 640, ¶ 9 (2014) (finding that an admission of misconduct is sufficient to prove a charge).

The agency established nexus.

¶6 Concerning nexus, because the appellant occupied a TDP and his responsibilities repairing aircrafts directly related to the safety of others, we agree with the administrative judge that the agency established the requisite nexus between the sustained misconduct and the efficiency of the service. ID at 2-3; *see, e.g.*, *Holton v. Department of the Navy*, 884 F.3d 1142, 1143-44 (Fed. Cir. 2018) (upholding the removal for an employee's positive drug test whose responsibilities included ensuring the safety of his subordinates along with the vessels and structures at the Navy Yard during crane operations); *Scott v. Department of Transportation*, 45 M.S.P.R. 639, 644 (1990) (finding that the responsibility of an air traffic controller for the safety of others provided a clear nexus between off-duty drug use and the efficiency of the service). Contrary to the appellant's assertions on review, the favorable comments of his immediate supervisors do not change the fact that he occupied a TDP and stipulated to the fact that he tested positive for marijuana. PFR File, Tab 1 at 5-6. As the following discussion indicates, we also agree that the penalty is within the bounds of reasonableness.

The penalty is reasonable.

¶7        When, as here, the agency's charge is sustained, the Board will modify an agency-imposed penalty only when it finds that the agency failed to weigh the relevant factors under *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), or the penalty imposed clearly exceeded the bounds of reasonableness. *Cole*, 120 M.S.P.R. 640, ¶ 14. It is not the Board's role to decide what penalty it would impose but, rather, whether the penalty selected by the agency exceeded the maximum reasonable penalty. *Adam v. U.S. Postal Service*, 96 M.S.P.R. 492, ¶ 7 (2004), *aff'd*, 137 F. App'x 352 (Fed. Cir. 2005) (Table). In evaluating the penalty, the Board will consider, first and foremost, the nature and seriousness of the misconduct and its relationship to the employee's duties, position, and responsibilities, including whether the offense was intentional or was frequently repeated. *Singletary v. Department of the Air Force*, 94 M.S.P.R. 553, ¶ 12 (2003), *aff'd*, 104 F. App'x 155 (Fed. Cir. 2004).

¶8        The appellant argues on review that the deciding official failed to consider all of the relevant *Douglas* factors, basing his decision solely on the first *Douglas* factor—the nature and seriousness of the offense. PFR File, Tab 1 at 6. He also challenges the deciding official's testimony that he lacked rehabilitative potential. *Id.* Although the administrative judge found that the deciding official prominently and properly emphasized the nature and severity of the offense, we note that, contrary to the appellant's contention on review, the administrative judge also considered several mitigating factors, i.e., the appellant's 10 years of Federal civilian service, his satisfactory performance and lack of prior discipline, the positive character references from his immediate supervisors, and the pressure he felt as a result of his wife's employment with OSI. ID at 4. Nevertheless, the administrative judge noted that the deciding official found that these mitigating factors failed to outweigh the nature and severity of the appellant's offense and concluded that the penalty of removal was within the bounds of reasonableness. *Id.* We agree with the administrative judge's analysis.

¶9 Pertaining to the appellant's disparate penalty claim, the administrative judge noted the appellant's failure to produce any documentary evidence in support of it. ID at 5. The agency identified three comparators in its prehearing submission, and the evidence indicates that all three were removed. IAF, Tab 9 at 215-19. The administrative judge cited the testimony of the deciding official that he had sustained the removal of many employees who tested positive for illegal drugs, including four in the past year, and that one of those cases was resolved through a last chance settlement agreement. ID at 4-5. Employees whose discipline was reduced as part of last chance settlement agreements are not valid comparators. *See Dick v. U.S. Postal Service*, 52 M.S.P.R. 322, 325, *aff'd*, 975 F.2d 869 (Fed. Cir. 1992) (Table). Given the appellant's lack of evidence, he has failed to meet his burden to identify evidence that could lead a reasonable person to conclude that the agency treated similarly situated employees differently, and we agree with the administrative judge that the appellant failed to establish his disparate penalty claim. ID at 4.

¶10 The Board consistently has held that removal is a reasonable penalty for drug use when the employee performs work that, if the employee were impaired, could result in substantial danger to life and property, notwithstanding other mitigating factors. *E.g.*, *Holton*, 884 F.3d at 1142, 1143-44; *Patterson v. Department of the Air Force*, 77 M.S.P.R. 557, 563-64, *aff'd*, 168 F.3d 1322 (Fed. Cir. 1998) (Table); *Thomas v. Department of the Air Force*, 67 M.S.P.R. 79, 83 (finding that removal for a first offense was appropriate for a journeyman aircraft mechanic, considering that a mistake could result in the loss of both an aircraft and its crew), *aff'd*, 66 F.3d 346 (Fed. Cir. 1995) (Table)

¶11 The administrative judge credited the deciding official's testimony that the duties of the appellant's Aircraft Overhaul Systems Mechanic position similarly involved the safety of pilots, other personnel, and agency property. ID at 3. The appellant does not challenge this finding and instead asserts that, contrary to the testimony of the deciding official, he did not self-certify his work, such that no

task on an aircraft would be certified as complete without at least two other individuals reviewing it to ensure it was done correctly. PFR File, Tab 1 at 6-7. He includes a document regarding such secondary certification with his petition for review. *Id.* at 11-12.

¶12    However, the appellant did not raise this argument below, nor did he submit the document. *Id.* Under 5 C.F.R. § 1201.115(d), the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). The document is dated May 6, 2016, which was before the close of the record below, 5 C.F.R. § 1201.59(a), and the appellant does not assert that it was unavailable before that time despite his due diligence. Moreover, even if we were to consider the document on review, it does not establish that every critical task was subject to secondary certification, instead setting forth several examples when secondary certification may not apply, such that a task, by necessity, would be self-certified. PFR File, Tab 1 at 12. Nevertheless, even under circumstances when the record reflects that an aircraft mechanic occupying a TDP may not actually be performing the full range of his duties at the time of a positive drug test, the Board has found that the use of illegal drugs under such circumstances presents a substantial safety risk justifying removal. *Patterson*, 77 M.S.P.R. at 563. Thus, removal is a reasonable penalty under the circumstances presented.

The appellant failed to establish his affirmative defenses.

¶13    The appellant failed to provide any evidence to support his allegation that the agency violated his right to due process. ID at 5-6. An agency's failure to provide a tenured public employee with an opportunity to present a response, either in person or in writing, to an appealable agency action that deprives him of his property right in his employment constitutes an abridgement of his constitutional right to minimum due process of law, i.e., prior notice and an opportunity to respond. *Cleveland Board of Education v. Loudermill*, 470 U.S.

532, 546 (1985).  Additionally, procedural due process guarantees are not met if the employee has notice of only certain charges or portions of the evidence and the deciding official considers new and material information; therefore, it is constitutionally impermissible to allow a deciding official to receive additional material information that may undermine the objectivity required to protect the fairness of the process.  *E.g.*, *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376 (Fed. Cir. 1999).  The administrative judge found that the appellant failed to assert that the agency did not give him proper notice of the charges, an explanation of the evidence, or an opportunity to respond, and he similarly failed to allege that the deciding official relied upon new and material ex parte information as a basis for his decision on the merits of the charge or the penalty to be imposed.  ID at 6.  Thus, we agree that the appellant failed to establish that the agency denied him due process.

¶14        Concerning the appellant's argument that the agency committed harmful procedural error by failing to follow its internal policy regarding rehabilitation for illegal drug use, the administrative judge found that the memorandum of understanding (MOU) on that subject that the appellant alleged the agency violated did not prevent the agency from taking disciplinary action against an employee in a TDP who tests positive for drugs.  ID at 6-7.  Harmful error under 5 U.S.C. § 7701(c)(2)(A) cannot be presumed; an agency error is harmful only when the record shows that the procedural error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error.  *Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 681, 685 (1991).  Because the MOU neither precluded the agency from taking disciplinary action against the appellant during his rehabilitation nor required it to return him to duty status following rehabilitation, we agree with the administrative judge that the appellant failed to demonstrate that the agency committed an error in its procedures, much less one that would

have caused it to reach a different conclusion in the absence or cure of the error. ID at 6-7; *see* 5 C.F.R. § 1201.4(r).

¶15     Finally, we address the appellant's allegations that his removal was based on his wife's career as an undercover agent of the agency's OSI. PFR File, Tab 1 at 7. As noted above, the appellant argues for the first time on review that the agency removed him "under the Cat's Paw Theory" due to the belief of "his coworkers and some manager" that he had supplied OSI with information that it used to conduct raids on his workplace. *Id.* The U.S. Supreme Court has adopted the term "cat's paw" to describe a case in which a particular management official, acting because of an improper animus, influences another agency official who is unaware of the improper animus when implementing a personnel action. *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 11 (2012) (citing *Staub v. Proctor Hospital*, 562 U.S. 411, 415-16 (2011)). On review, however, the appellant does not offer any evidence to support his contention that any individuals with improper motives influenced the officials who took this action against him. Nevertheless, although the appellant alleged below that the stress of his wife's career factored into his drug and alcohol abuse—something that the deciding official considered as a mitigating factor—ID at 4, he did not argue that agency officials had removed him in reprisal for their belief that he had given his wife information that led to his coworkers being arrested or charged in raids that OSI made on the appellant's workplace. As stated above, under 5 C.F.R. § 1201.115(d), the Board generally will not consider evidence submitted for the first time on review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino*, 3 M.S.P.R. at 214. The appellant makes no such showing here.

¶16     Accordingly, we deny the petition for review.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]   The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    /s/ for
                         Jennifer Everling
                         Acting Clerk of the Board

Washington, D.C.