**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ALICIAN LOTT,<br>          Appellant, | DOCKET NUMBER<br>SF-0752-16-0490-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY,<br>          Agency. | DATE: April 10, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Christina Quashie</u>, Esquire, <u>Alan L. Lescht</u>, Esquire, and <u>Barrett Kelly</u>, Esquire, Washington, D.C., for the appellant.

<u>Dawn Dobbs</u> and <u>Captain James L. Paul</u>, Schofield Barracks, Hawaii, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

**FINAL ORDER**

¶1		The appellant has filed a petition for review of the initial decision, which affirmed her removal.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED by this Final Order to find that the deciding official made several mistakes, including that (1) she inappropriately held the appellant to a higher standard of conduct, (2) she wrongly concluded that the agency's Criminal Investigation Command determined that the appellant had committed an offense, (3) she erred to the extent that she found that the appellant's remorsefulness was not more mitigating because the appellant also argued that similarly situated employees were not similarly disciplined, and (4) she erred to the extent that she failed to give considerable mitigating weight to the fact that the appellant's mental impairment played a part in her misconduct, we AFFIRM the initial decision.

**BACKGROUND**

¶2		The relevant background information is not in material dispute.  As of January 2014, the agency employed the appellant as a Workforce Management Technician with its Tripler Army Medical Command in Hawaii.  Initial Appeal

File (IAF), Tab 5 at 75. In that role, the appellant was responsible for managing the organization's performance evaluation system, awards, leave transfers, and mandatory drug testing for civilian employees. IAF, Tab 16 at 14.

¶3      In or about late 2013 to early 2014, the appellant began to suspect that her husband was having an affair with a soldier in his unit. IAF, Tab 5 at 20; Hearing Transcript (HT) at 107 (testimony of the appellant). One reason for her suspicion was that someone made telephone calls to her home but would hang up whenever the appellant answered. IAF, Tab 5 at 20; HT at 107 (testimony of the appellant). The appellant provided the caller's telephone number to her friend, J.T.,[3] so that she could identify who the caller was. IAF, Tab 5 at 20; HT at 109 (testimony of the appellant). J.T. informed the appellant that the caller was a soldier in the appellant's husband's unit. IAF, Tab 5 at 20; HT at 114 (testimony of the appellant).

¶4      On January 17, 2014, someone left a note for the appellant's coworker to print the caller's Enlisted Record Brief (ERB),[4] which contains such personally identifiable information (PII) as the person's social security number, date of birth, marital status, religion, and home address.[5] IAF, Tab 5 at 54-55, 71. The

---

[3] The agency asserted that J.T. worked for the agency as a Human Resources Specialist at a different facility from the appellant. IAF, Tab 17 at 6.

[4] The ERB is a document that human resources professionals use when determining a soldier's assignments, promotions, advancements, and military schools. The ERB contains a soldier's personal data, provided on different sections of the form.

[5] PII is defined as:

> information which can be used to distinguish or trace an individual's identity, such as their name, social security number, biometric records, etc. alone, or when combined with other personal or identifying information which is linked or linkable to a specific individual, such as date and place of birth, mother's maiden name, etc.

Office of Management and Budget (OMB) Memorandum M-07-16, Safeguarding Against and Responding to the Breach of Personally Identifiable Information, at 1 n.1 (May 22, 2007), *available at* https://www.whitehouse.gov/wp-content/uploads/legacy_drupal_files/omb/memoranda/2007/m07-16.pdf. "Safeguarding [PII] in the possession of the government and preventing its breach are essential to

ERB printed out while the appellant was standing by the printer making copies of her husband's telephone calls to the soldier in question. *Id.* at 65-68. The appellant saw on the ERB information that she viewed as further evidence that they were having an affair. HT at 115 (testimony of the appellant). A copy of the soldier's Enlisted Distribution and Assignment System (EDAS) record[6] also printed at that time.[7] IAF, Tab 5 at 65-68. The appellant placed these records in a manila envelope and gave the envelope to J.T. during her lunch break. HT at 116-17 (testimony of the appellant).

¶5     In or about September 2014, the appellant was selected for the position of Human Resources (HR) Specialist with the Hawaii Civilian Personnel Advisory Center. IAF, Tab 5 at 75. Around that same time, after the appellant and J.T. had a falling out, J.T. turned the envelope over to a "responsible" organization. *Id.* at 21, 44-45, 57.

¶6     The agency's Criminal Investigation Command (CID) conducted an investigation into allegations that the appellant and her coworker had exceeded their authorized access and damaged the computer systems when obtaining the soldier's records. *Id.* at 48-74. Although CID found that it had probable cause to believe the appellant committed the acts as alleged, it determined that the offenses were below the threshold set for Federal prosecution in Hawaii. *Id.* at 50.

---

ensure the government retains the trust of the American public" and is a function of applicable laws, such as the Privacy Act, 5 U.S.C. § 552a. OMB Memorandum M-07-16, at 1.

[6] The EDAS is an interactive automated system that supports the management of the enlisted by providing information or assistance regarding such matters as assignment instructions, deferments, and personnel records.

[7] The evidence reflects that the appellant did not have access to the soldier's ERB or EDAS. IAF, Tab 5 at 20-21, 53-54. In her December 2015 response to the proposed removal, the appellant denied having asked anyone to print the soldier's ERB or EDAS. *Id.* at 20-21. At hearing, she denied that she requested her coworker to print the ERB. HT at 115 (testimony of the appellant).

¶7 In April 2016, the agency effected the appellant's removal for unacceptable and inappropriate conduct from an HR employee. *Id.* at 11-16. The appellant filed a Board appeal, alleging, among other things, that the agency violated her due process rights. IAF, Tab 1 at 7. After conducting a hearing, the administrative judge found that the agency proved its charge, that the appellant failed to prove her affirmative defense, and that the penalty of removal was within the bounds of reasonableness. IAF, Tab 22, Initial Decision (ID) at 6-19.

¶8 The appellant has filed a petition for review arguing that the administrative judge erred in determining that she failed to prove that the agency violated her due process rights and erred in determining that the penalty of removal was within the bounds of reasonableness. Petition for Review (PFR) File, Tab 5 at 5-6. The agency has filed a response opposing the petition. PFR File, Tab 7.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant's due process rights were not violated.

¶9 The appellant asserts that the deciding official held her, as an HR employee, to a higher standard of conduct than other Federal employees, even though the proposal notice made no reference to this higher standard of conduct. PFR File, Tab 5 at 8-9. The administrative judge found that the appellant was on notice that she was being held to the standard of conduct applicable to an HR employee, and that the deciding official therefore did not consider an aggravating factor about which the appellant was not given notice. ID at 11. The appellant argues that for the Board to accept the administrative judge's finding would be to allow any agency to frame a charge against an employee to include the employee's position, and then claim that the employee was on notice that they were being held to a higher standard of conduct associated with their position. PFR File, Tab 5 at 9.

¶10 Pursuant to *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1279-80 (Fed. Cir. 2011), and *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376-77 (Fed. Cir. 1999), a deciding official violates an employee's due process

rights when she relies upon new and material ex parte information as a basis for her decision on the merits of a proposed charge or the penalty to be imposed. *Lange v. Department of Justice*, 119 M.S.P.R. 625, ¶ 8 (2013). Our reviewing court has found that, ultimately, an ex parte communication only requires a reversal of an agency action when it "is so substantial and so likely to cause prejudice that no employee can fairly be required to be subjected to a deprivation of property under such circumstances." *Stone*, 179 F.3d at 1377. The Board has held that this analysis applies not only to ex parte communications introducing information that previously was unknown to the deciding official but also to information personally known and considered by the deciding official, if that information was not included in the notice of proposed removal to the appellant. *Lopes v. Department of the Navy*, 116 M.S.P.R. 470, ¶ 10 (2011).

¶11     Information that merely confirms or clarifies information already contained in the record does not constitute new and material information. *Blank v. Department of the Army*, 247 F.3d 1225, 1229 (Fed. Cir. 2001); *Grimes v. Department of Justice*, 122 M.S.P.R. 36, ¶ 11 (2014). The appellant has the burden of proving her affirmative defense by preponderant evidence.[8] 5 C.F.R. § 1201.56(b)(2)(i)(C).

¶12     At the hearing, the deciding official answered affirmatively both when asked if she believed that HR employees are held to a higher standard of conduct than other Federal employees and when asked if she considered this an aggravating factor in her decision to remove the appellant. HT at 41, 45 (testimony of the deciding official). But we find that the deciding official's determinations on these issues did not constitute new and material information that was she was required to share with the appellant prior to issuing her decision. *See Blank*, 247 F.3d at 1229. The proposal notice clearly informed the appellant

---

[8] Preponderant evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

that the agency was proposing her removal for "unacceptable and inappropriate conduct from a Human Resources (HR) employee." IAF, Tab 5 at 44. We find that the deciding official's decision to hold the appellant to a higher standard of conduct was based on this information, rather than on some set of facts not shared with her.

¶13    Moreover, in her response to the proposed removal, the appellant argued that she should not be held to the higher standard of conduct applicable to supervisors. *Id.* at 24. Possibly being held to a higher standard is, accordingly, an issue to which the appellant had an opportunity, and in fact did, respond. *See Wilson v. Department of Homeland Security*, 120 M.S.P.R. 686, ¶¶ 10-11 (2014), *aff'd*, 595 F. App'x 995 (Fed. Cir. 2015). The deciding official's rejection of the appellant's argument did not violate her due process rights. *See Grimes*, 122 M.S.P.R. 36, ¶ 13. Accordingly, we find that no due process violation occurred.

The penalty of removal is within the bounds of reasonableness.

¶14    The appellant argues that a number of factors weigh in favor of mitigating the agency-imposed penalty of removal. PFR File, Tab 5 at 10-24. In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305 (1981), the Board identified 12 factors that are generally relevant when determining the appropriateness of a penalty. It is not the Board's role to decide what penalty it would impose, but, rather, whether the penalty selected by the agency exceeded the maximum reasonable penalty. *Arena v. U.S. Postal Service*, 121 M.S.P.R. 125, ¶ 6 (2014), *aff'd per curiam*, 617 F. App'x 996 (Fed. Cir. 2015).

¶15    The appellant argues that the deciding official inappropriately subjected her to a higher standard of conduct. PFR File, Tab 5 at 10-11. The agency argues that it was appropriate to subject the appellant to a higher standard of conduct because she had a responsibility not to use PII for her own personal reasons. PFR File, Tab 7 at 6. Pursuant to the second *Douglas* factor, the Board has held that law enforcement officers, supervisors, and employees who owe a fiduciary duty

toward their agency may be held to a higher standard of conduct than are other employees. *Reid v. Department of the Navy*, [118 M.S.P.R. 396](#), ¶ 26 (2012); *Singletary v. Department of the Air Force*, [94 M.S.P.R. 553](#), ¶ 12 (2003), *aff'd*, 104 F. App'x 155 (Fed. Cir. 2004); *see Douglas*, 5 M.S.P.R. at 305. The Board occasionally has declined to hold other types of employees to this higher standard of conduct. *See, e.g.*, *Boo v. Department of Homeland Security*, [122 M.S.P.R. 100](#), ¶ 21 (2014); *Fernandez v. Department of Agriculture*, [95 M.S.P.R. 63](#), ¶ 15 (2003); *Jackson v. Department of the Navy*, [52 M.S.P.R. 1](#), 3-4 (1991).

¶16      The deciding official testified that she believed the appellant held fiduciary responsibilities, despite not being entrusted with anything related to the agency's finances, by virtue of her access to employees' personal information. HT at 44, 63 (testimony of the deciding official). She also stated as much in a *Douglas* factors worksheet. IAF, Tab 16 at 172. However, an employee with fiduciary responsibilities, for purposes of the second *Douglas* factor, refers to an employee who is responsible for an agency's finances in some capacity. *See, e.g.*, *Special Counsel v. Lee*, [114 M.S.P.R. 57](#), ¶ 39 (2010) (noting that a nonsupervisory HR specialist had no fiduciary duties for purposes of a *Douglas* factors analysis), *rev'd in part on other grounds by Beatrez v. Merit Systems Protection Board*, 413 F. App'x 298 (Fed. Cir. 2011); *Myers v. Department of Agriculture*, [88 M.S.P.R. 565](#), ¶¶ 34-35 (2001), *aff'd*, 50 F. App'x 443 (Fed. Cir. 2002); *Campbell v. Defense Logistics Agency*, [37 M.S.P.R. 691](#), 696 (1988); *but see Holcombe v. Veterans Administration*, [12 M.S.P.R. 68](#), 72 (1982) (finding that a supervisor of clinic clerks had a fiduciary responsibility to make certain that his subordinates did not improperly obtain medications or engage in forging prescription forms), *aff'd*, [713 F.2d 865](#) (D.C. Cir. 1983). Accordingly, we find that the deciding official erred in holding the appellant to a higher standard of conduct by virtue of her position.

¶17      The appellant further argues that the deciding official wrongly concluded that CID determined that she had committed an offense. PFR File, Tab 5

at 20-21. Both the proposing and deciding officials found that CID determined that the appellant committed the offense of "Conspiracy; Exceeding Authorized Access, and Damage to a U.S. Government Computer." IAF, Tab 5 at 13, 44-45. In fact, CID only found that it had probable cause to believe the appellant committed the titled offenses. *Id.* at 50, 61. Accordingly, we agree that the deciding official also erred in assuming that CID determined that the appellant actually committed the referenced offenses.

¶18 The appellant additionally asserts that the deciding official erred when she concluded that the appellant's remorsefulness was undercut by her attempt to, among other things, place some blame for what happened onto J.T. and her coworker who printed the PII at issue. PFR File, Tab 5 at 23-24. The deciding official testified that she found the appellant to be remorseful and that she did not find that the appellant's representative's arguments undermined the appellant's apology or potential for rehabilitation. HT at 36, 55-56 (testimony of the deciding official). The administrative judge concluded, however, that the deciding official apparently "found that the appellant's apology was not more mitigating because it was accompanied by finger pointing." ID at 12-13.

¶19 In her reply to the proposed removal, the appellant argued that J.T. and her coworker had not been similarly disciplined. IAF, Tab 5 at 17, 22. As the appellant states on review, it generally is inappropriate to use an employee's attempts to defend herself in disciplinary proceedings as an aggravating factor or an indication that she lacked remorse. PFR File, Tab 5 at 23; *Raco v. Social Security Administration*, 117 M.S.P.R. 1, ¶ 16 (2011).

¶20 The administrative judge essentially found that the deciding official did not view the appellant's "finger pointing" as an aggravating factor but instead merely viewed it as a factor relevant to determining the degree of mitigation to warrant her remorsefulness. ID at 13. However, to the extent that the deciding official found that the appellant's remorsefulness was not more mitigating because the appellant also argued that similarly situated employees were not similarly

disciplined, we find that the deciding official inappropriately viewed the appellant's attempt to defend herself as an aggravating factor. *See Raco*, 117 M.S.P.R. 1, ¶ 16.

¶21    Next, the appellant notes that the Board has found that when mental impairment played a part in misconduct, it will be given considerable weight as a mitigating factor. PFR File, Tab 5 at 19 (citing *Brown v. U.S. Postal Service*, 64 M.S.P.R. 425, 434 (1994)). The appellant submitted evidence reflecting that she was diagnosed with depression in April 2014, and that it was an active problem as of October 2015. IAF, Tab 16 at 100. In response to the notice of proposed removal, the appellant asserted that, at the time of her misconduct, she was "extremely distressed" and that she made a "rash and impractical decision" as a result. IAF, Tab 5 at 20, 27. The appellant testified that she suffered from depression and insomnia at the time of the misconduct. HT at 132-33 (testimony of the appellant).

¶22    Although the medical evidence does not appear to expressly show that the appellant suffered from depression at the time of the misconduct, on January 17, 2014, the proximity in time supports an inference that she was suffering from depression during that time period as well. *See Bowman v. Small Business Administration*, 122 M.S.P.R. 217, ¶ 13 (2015). Accordingly, we find that the appellant's medical condition could have played a part in the charged conduct and that this is entitled to considerable weight as a mitigating factor. *Id.*

¶23    The appellant likewise asserts that the deciding official failed to consider her poor emotional state at the time of the misconduct and points out that, in her *Douglas* factors worksheet, the deciding official did not refer to the appellant's personal stressors or emotional distress. PFR File, Tab 5 at 15-20. There is no requirement that the decision notice contain specific, detailed information demonstrating that the deciding official considered the relevant mitigating factors. *Wynne v. Department of Veterans Affairs*, 75 M.S.P.R. 127, 135 (1997). Nonetheless, in the decision notice, the deciding official referenced the

appellant's "significant marital problems." IAF, Tab 5 at 12. She testified that she considered the appellant's marital difficulties and other stressors as mitigating factors. HT at 58 (testimony of the deciding official). Accordingly, we find that the agency demonstrated that the deciding official considered the appellant's emotional state at the time of the misconduct as a mitigating factor, although it is unclear whether she gave it "considerable weight."

¶24 Even giving considerable weight to this mitigating factor, we find, as discussed below, that removal was within the bounds of reasonableness. The first, and most important, of the *Douglas* factors is the nature and seriousness of the offense. *Boo*, 122 M.S.P.R. 100, ¶ 18. Among the considerations included in this factor is the relationship of the offense to the employee's duties, position, and responsibilities, including whether the offense was intentional or was frequently repeated. *Id.*

¶25 Here, the appellant took records containing PII, to which she did not have official access, and reviewed them before giving them to a third party. IAF, Tab 5 at 65-66. The administrative judge noted the deciding official's testimony that she considered the appellant's misconduct to be a serious offense that went to the core of her duties as an HR employee. ID at 14; HT at 31 (testimony of the deciding official). The appellant herself testified that, as an HR employee, she was responsible for protecting PII. HT at 103, 125 (testimony of the appellant). The administrative judge thus found the appellant's misconduct to be serious. ID at 15-16.

¶26 We recognize that a number of mitigating factors weigh in the appellant's favor. She had 15 years of Federal service, during which she consistently received the highest performance ratings and received no discipline. IAF, Tab 16 at 4-34; HT at 48 (testimony of the deciding official). As discussed above, the evidence indicates that the appellant's depression may have played a part in the misconduct, and it is apparent that difficulties in her marriage and personal life played a central role in her decision to engage in the misconduct. HT at 104-113

(testimony of the appellant).  She has also expressed remorse for her misconduct. IAF, Tab 5 at 27; HT at 117, 125-26 (testimony of the appellant).

¶27     However, based in part upon the demeanor of the witnesses at hearing, the administrative judge agreed with the deciding official that the appellant could not be trusted to maintain her professional judgment in the event that she again suffered difficulties in her personal life.[9]  ID at 17.  An administrative judge's credibility findings, when expressly or by necessary implication based on the demeanor of witnesses, must be afforded special deference.  *Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1372-73 (Fed. Cir. 2016) (citing *Jackson v. Veterans Administration*, 768 F.2d 1325, 1331 (Fed. Cir. 1985)).  The Board may overturn such findings only if it can articulate sound reasons for doing so.  *Social Security Administration v. Long*, 113 M.S.P.R. 190, ¶ 25 (2010) (citing *Haebe v. Department of Justice*, 288 F.3d 1288, 1300 (Fed. Cir. 2002)), *aff'd*, 635 F.3d 526 (Fed. Cir. 2011).  We can discern no sound reason for overturning the administrative judge's finding that the appellant cannot be trusted to maintain her professional judgment and protect sensitive information in the future.

¶28     The appellant argues that the agency failed to consider the adequacy of alternative sanctions.  PFR File, Tab 5 at 24.  The proposing official concluded that the appellant's continued employment with the office would undermine the

---

[9] In her petition for review, the appellant asserts that the administrative judge considered her emotional state at the hearing as an aggravating factor.  PFR File, Tab 5 at 15-16.  To the extent the administrative judge found that the appellant's "deep emotional response" during the hearing makes it more likely she will lose her professional judgment under difficult circumstances in the future, we agree that this was improper.  Character evidence adduced from conduct during Board proceedings may not be considered to prove the conduct underlying an agency charge.  *See Ibrahim v. Department of the Army*, 30 M.S.P.R. 531, 536 (1986).  We similarly find that the appellant's behavior during the hearing is not probative of her potential behavior in the future.  Nonetheless, it was not improper for the administrative judge to consider the appellant's demeanor in assessing the credibility of her testimony regarding her potential for rehabilitation.  Thus, we find that the appellant has failed to show that any error the administrative judge made in considering her emotional state harmed her substantive rights.  *See Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981).

office's credibility with its customers. IAF, Tab 5 at 45. The deciding official reached a similar conclusion and found that reassignment would not be feasible because positions within the organization required access to HR systems. *Id.* at 12-14. Thus, we find that the deciding official considered reassigning the appellant as an alternative penalty but found that such a penalty would be inappropriate in this case. Moreover, there is no requirement that the agency consider alternative penalties; the agency is required to show only that the penalty selected was reasonable. *Thias v. Department of the Air Force*, 32 M.S.P.R. 46, 49 (1989). After considering all the relevant *Douglas* factors, we find the appellant's removal to be within the bounds of reasonableness.

## NOTICE OF APPEAL RIGHTS[10]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[10] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.    5 U.S.C.  § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017).    If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[11]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[11]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.